**Ex parte Henry Louis POOL.**

**No. 69701.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1987.

William S. Harris, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for a writ of habeas corpus pursuant to Article 11.07 V.A.C.C.P.

Applicant was convicted of the offense of felony D.W.I. upon his plea of guilty before the court and, pursuant to a plea bargain agreement, his punishment was assessed at five years' confinement. In his application, applicant alleges that he was denied effective assistance of counsel. He asserts that counsel erroneously advised him that if he did not enter a plea of guilty and accept the State's offer of five years, the State would enhance the punishment in his case and that he might face 25 years to 99 years or life as a habitual offender. According to applicant, his counsel failed to investigate the status of his prior convictions and instead relied on representations by the prosecutor that applicant had been twice previously convicted of felony offenses and the first of those offenses had become final prior to the commission of and conviction for the second offense, when in fact the two prior convictions against appellant became final on the same day. Applicant asserts that he would not have agreed to plead guilty had he not been afraid that to do otherwise would have resulted in a minimum sentence of at least twenty-five years.

The record before us supports applicant's allegations and indeed both the State and the trial judge have recommended that relief be granted to applicant. Defense counsel has submitted an affidavit in which he admits that he relied upon the information presented to him by the prosecutor and conducted no independent investigation himself. The prosecutor has submitted an affidavit admitting that he unintentionally gave defense counsel erroneous information.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part test announced in *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. See also *Ex parte Adams*, 707 S.W.2d 646 (Tex.Cr.App.1986). Thus, it is applicant's burden to first prove that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), and secondly, that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, supra.

In *Butler v. State*, 716 S.W.2d 48 (Tex. Cr.App.1986), we held that it is fundamental that an attorney representing a defendant must acquaint himself not only with the law but also the facts of the case before he can render reasonably effective assistance of counsel, and that relying upon the facts of the case as represented by a prosecuting attorney is not sufficient.

Applicant has clearly satisfied the two-prong test of *Strickland*. Defense counsel's representation clearly fell below an objective standard of reasonableness and as a result the plea bargain arrangement agreed to by the applicant was entered into unknowingly and involuntarily.

The relief prayed for is granted.