EVANS V. STATE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-340-CR


AND


NO. 3-90-341-CR



TIMOTHY PETER EVANS,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE 51ST AND 119TH DISTRICT COURTS OF TOM GREEN COUNTY



NOS. CR89-0705-A & CR90-0232-B



HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 




 Timothy Peter Evans, appellant, was charged in separate indictments with
possession of a controlled substance (cocaine) and aggravated possession of a controlled substance
(ecstasy). Appellant pled nolo contendere to both indictments, and the trial court assessed
punishment at five years and thirty-one years confinement, respectively. Appellant appeals to this
Court, asserting ineffectiveness of counsel. We agree and, therefore, reverse the trial court's
judgments and remand both causes for new punishment hearings.


STATEMENT OF FACTS


 The pleas of nolo contendere described above were entered on the advice of counsel
and without a plea bargain agreement with the State. The trial court admonished appellant as to
the range of punishment the court could assess and the voluntariness of his plea. Appellant stated
he understood the range of punishment and that the court could set his punishment anywhere in
that range. After the plea was entered and the admonishments were given, the State offered a
"waiver and stipulation of evidence" that appellant had executed. The State also offered the
testimony of four witnesses. The only evidence offered by appellant was the testimony of his
mother. Based on the plea of nolo contendere and the stipulations and evidence offered by the
State, the trial court refused to defer adjudication and found appellant guilty of the offenses set
forth in the indictments.

 The trial court then proceeded to the punishment stage, wherein the State and
appellant merely reurged the evidence presented at the guilt-innocence stage. Because of the
paucity of evidence before the court that was relevant to punishment, the trial court also examined
the pre-sentence investigation (P.S.I.) report that had been prepared in the case. In the P.S.I.
report, the probation department recommended that appellant be incarcerated. After considering
the evidence presented and the P.S.I. report, the trial court sentenced appellant to confinement for
five years on the possession charge and thirty-one years on the aggravated possession charge.

 Appellant then filed a motion for new trial wherein he alleged ineffective assistance
of counsel. At the hearing on the motion for new trial, appellant offered the testimony of three
witnesses, including his own testimony, to show the ineffectiveness of his counsel. In response,
the State offered the testimony of appellant's prior counsel. The trial court denied the motion for
new trial, and appellant has appealed to this Court.


INEFFECTIVE ASSISTANCE OF COUNSEL


1. Plea of Nolo Contendere

 Appellant asserts that his plea of nolo contendere was involuntary as a result of
ineffective assistance of counsel. A defendant who pleads nolo contendere on the advice of
counsel may attack the voluntary and intelligent character of the plea by showing: (1) that the
counsel's advice was not within the range of competence demanded of attorneys in criminal cases;
and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would
not have pleaded nolo contendere and would have insisted on going to trial. See Hill v. Lockhart,
474 U.S. 52, 56-59 (1985); Strickland v. Washington, 466 U.S. 668 (1984); McMann v.
Richardson, 397 U.S. 759 (1970); Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).

 Even if we assume for the sake of argument that appellant's counsel did not operate
within the range of competence demanded of attorneys in criminal cases, after examining the
record presented on appeal we conclude that appellant has failed to show there was a reasonable
probability that, but for counsel's errors, he would not have pled nolo contendere and would have
insisted on going to trial. The evidence of appellant's guilt was overwhelming. Further, appellant
wanted deferred adjudication; and in order to obtain such a result, he had to plead either "guilty"
or "nolo contendere." See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Supp. 1991). Finally,
nowhere in his testimony given at the hearing on the motion for new trial does appellant assert
that he would have insisted on going to trial. Indeed, the record shows quite the contrary, as is
evidenced by the following exchange between appellant and the State's attorney:


Q: Now, you're not disputing that you're, in fact, guilty of aggravated
possession of [a] controlled substance, are you?


A: No, sir.


Q: Okay. And so basically, what you're asking here is that you are granted a
new trial and we have a new punishment hearing; is that correct?


A: Yes, sir. I would like a new punishment hearing.


 . . . .


Q: Your nolo plea was freely and voluntarily made . . .?


A: Yes.


Based on the record before us, we conclude that appellant has failed to satisfy the second prong
of the test set out above. Therefore, we overrule appellant's point of error as to the voluntariness
of his pleas of nolo contendere.

2. The Punishment Stage

 Most, if not all, of appellant's complaints pertain to his counsel's alleged
ineffectiveness at the punishment stage. In Strickland the United States Supreme Court adopted
a two-part test for evaluating claims of ineffective assistance of counsel: The defendant must
show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2)
that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 687-88, 694. However, in Ex
parte Cruz, 739 S.W.2d 53 (Tex. Crim. App. 1987), the Court of Criminal Appeals held that the
second prong of Strickland does not apply to the punishment stage of a trial. This holding was
reaffirmed in State v. Recer, 815 S.W.2d 730 (Tex. Crim. App. 1991); Ex parte Felton, 815
S.W.2d 733 (Tex. Crim. App. 1991); and Ex parte Walker, 777 S.W.2d 427 (Tex. Crim. App.
1989). (1)

 In Cruz the Court stated that the appropriate test to be applied at the punishment
stage is the "reasonably effective assistance" standard of Ex parte Duffy, 607 S.W.2d 507 (Tex.
Crim. App. 1980). Ex parte Cruz, 739 S.W.2d at 58. The "reasonably effective assistance"
standard does not mean errorless counsel, nor does it mean counsel judged ineffective by
hindsight. Rather, it means counsel reasonably likely to render and rendering reasonably effective
assistance. Ex parte Duffy, 607 S.W.2d at 514. The Court of Criminal Appeals has discussed
the application of this standard to the punishment stage:

 In applying this standard, this Court judges the "full scope of `assistance'--representation, performance, delivery--for effectiveness rather than adequacy of
ability or capacity to advise. The standard we retain mandates an examination both
of competence, `likely to render,' and of assistance, `and rendering,' in
determining effectiveness of counsel." While this Court normally looks to the
"totality of the representation" and "the particular circumstances of each case" in
evaluating the effectiveness of counsel, . . . we have also found that under some
circumstances a "single error of omission by . . . counsel [can] constitute[]
ineffective assistance."


Ex parte Felton, 815 S.W.2d at 735 (citations omitted). Looking at the facts and circumstances
of this particular case and the totality of the representation that appellant received from his
counsel, we conclude that appellant was not given reasonably effective assistance by his trial
counsel.

 As stated above, at the hearing in which appellant pleaded nolo contendere and was
sentenced to prison, the State offered the testimony of four witnesses. Meanwhile, appellant's
counsel, William Moore, did not subpoena any witnesses to testify on behalf of appellant, even
though appellant gave him the name of at least one person he wanted present to testify at the
hearing. As a result, Moore offered no witnesses other than appellant's mother, and it was by
mere chance that she was there to testify on her son's behalf (Moore did not know she was coming
to the hearing). Further, not only did Moore fail to offer any evidence to rebut the four witnesses
of the State, he did not even know the State intended to present live testimony at the hearing until
he saw the State's witnesses in the courtroom that day. This failure to investigate what witnesses
the State intended to use at the punishment hearing was damaging in that the testimony of at least
one of the four witnesses for the State was particularly harmful to appellant. She testified that she
saw appellant sell drugs on at least one occasion and that he later threatened her. This testimony
went unrebutted. Moore knew neither that this witness was going to testify nor what the content
of her testimony would be. Moore lacked this critical knowledge despite the fact that the State
is obligated to disclose the names of witnesses, on proper motion by the defendant, if they will
be used by the State at any stage in the trial. See Young v. State, 547 S.W.2d 23, 27 (Tex. Crim.
App. 1977).

 As stated earlier, the trial court also considered the P.S.I. report prior to assessing
punishment. As required by statute, the trial court permitted appellant to read the P.S.I. report
before sentencing. See art. 42.12, § 9(d). After reading the report, appellant told Moore that the
report contained several factual inaccuracies. Moore did nothing to rebut these inaccuracies, even
though the court must allow a defendant or his attorney to comment on the report and has the
discretion to allow the defendant to introduce testimony or other information alleging a factual
inaccuracy in the report. See art. 42.12, § 9(e). The failure to rebut the inaccuracies in the P.S.I.
report was damaging to appellant in that the trial court appears to have placed substantial reliance
on the report. Further, the alleged inaccuracies were highly unfavorable to appellant.

 At the hearing on appellant's motion for new trial, appellant offered his own
testimony as well as the testimony of two other witnesses to show that Moore was ineffective in
failing to present such testimony at the punishment hearing to rebut the State's witnesses and the
P.S.I. report. A counsel's failure to call witnesses at the guilt-innocence and punishment stages
is irrelevant absent a showing that such witnesses were available and appellant would benefit from
their testimony. See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

 The P.S.I. report discussed above contained several alleged inaccuracies: (1) that
appellant made several trips to Austin to get drugs and bring them back to San Angelo; (2) that
it was not at all unusual for appellant to have in his possession a hundred to a hundred and fifty
"hits" of ecstasy at a time; (3) that appellant had such quantities of ecstasy in his possession at
least a dozen times; and (4) that appellant always had a lot of money and the money seized by the
police during the search was in fact drug money. This evidence went unrebutted at the
punishment hearing; however, at the hearing on the motion for new trial, appellant and two other
witnesses testified that these assertions in the report were untrue. Also, as discussed above, one
of the State's witnesses at the punishment hearing testified that she saw appellant sell drugs on at
least one occasion and that he also threatened her. At the motion-for-new-trial hearing, appellant
rebutted these assertions with his own testimony.

 That the trial court placed substantial reliance on this damaging evidence at the
punishment hearing is obvious from the following statement in the record: "Considering
everything in front of the court at this time, the court is of the opinion that Mr. Evans' possession
of this is more than that of merely a roommate in the same lodging; but is that of a very major
principal, if not the principal, in the trade of that substance that was possessed at his location."
(Emphasis added.) Thus, although appellant was charged with possession of illegal drugs, at the
sentencing hearing the trial court had before it unanticipated and unrebutted evidence that
appellant was a major dealer in illegal drugs. Therefore, we conclude that appellant would have
benefitted from the testimony offered at the hearing on the motion for new trial.

 Quoting from the ABA Project on Standards for Criminal Justice, the Court of
Criminal Appeals stated the following concerning an attorney's responsibility to a criminal
defendant:


Defense counsel has the responsibility to conduct a prompt investigation of the
circumstances of the case and explore all avenues leading to facts relevant to guilt
and degree of guilt or penalty. The investigation should always include efforts to
secure information in the possession of the prosecution and law enforcement
authorities. The duty to investigate exists regardless of the accused's information
or statements to the lawyer of facts constituting guilt or his stated desire to plead
guilty.


Ex parte Duffy, 607 S.W.2d at 517 (emphasis added). A corollary to this notion is that counsel
has a responsibility to seek out and interview potential witnesses. Id.

 Looking at the record in the present case, we conclude that appellant's trial counsel
clearly fell short of this standard. Moore offered no evidence at the punishment stage relevant
to appellant's degree of guilt; he failed to subpoena a witness that appellant wanted present to
testify at the punishment hearing; he made no efforts before the hearing to secure the names of
witnesses that the State would use at the punishment hearing; and he made no effort to rebut the
very damaging evidence presented by the State's witnesses and contained in the P.S.I. report, even
after appellant pointed out the inaccuracies in the evidence and asked to be allowed to testify. In
short, it appears that Moore did nothing but allow appellant to plead nolo contendere to a first-degree felony without any plea bargain and then fail to introduce any mitigating testimony even
in the face of highly damaging evidence produced by the State. Therefore, we conclude that
appellant's counsel was not reasonably likely to render, due to his lack of preparation, and did not
render reasonably effective assistance of counsel at the punishment stage.


CONCLUSION


 Based on the foregoing discussion, we conclude that appellant was denied
reasonably effective assistance of counsel at the punishment stage of the trial; therefore, the trial
court's judgments are reversed and the causes are remanded for new punishment hearings. See
Tex. Code Crim. Proc. Ann. art. 44.29(b) (1979).



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and B. A. Smith; Justice B. A. Smith

 not participating]

Reversed and Remanded on Both Causes

Filed: January 8, 1992

[Do Not Publish]
1. [1] We note that the Court of Criminal Appeals recently stated that the correctness of its
holding in Ex parte Cruz may be subject to question. See Ex parte Felton, 815 S.W.2d at 736-37 n.4. Until the Court of Criminal Appeals overrules Cruz, however, we must follow it. 
Therefore, we express no opinion as to outcome of the present case under the two-part
Strickland test.