IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-242-CR




JOHN CALVIN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0923991, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 After accepting his plea of guilty and hearing his judicial confession, the district
court found appellant guilty of indecency with a child. Act of May 29, 1987, 70th Leg., R.S.,
ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended). 
Pursuant to a plea bargain agreement, the court assessed punishment at imprisonment for ten
years, but suspended imposition of sentence and placed appellant on probation subject to certain
agreed conditions. With the permission of the district court, appellant appeals the overruling of
his motion for new trial.

 In two points of error, appellant contends the district court abused its discretion by
overruling the motion for new trial because the uncontradicted evidence shows that (1) appellant's
guilty plea was not freely and voluntarily made and (2) appellant did not receive effective
assistance of counsel. At the hearing on the motion, appellant introduced in evidence his sworn
amended motion for new trial in which he states, in part:



During the pendency of this case it was learned that [complainant] had claimed that
the alleged offense occurred at Defendant's residence at 3202 Merrie Lynn in
Austin, Texas. Defendant informed [appointed counsel] that [complainant] had
been to his house on only one occasion and that her grandmother, Yvone Causey,
was also present on that occasion and would know that Defendant engaged in no
improper conduct with [complainant]. Defendant gave [counsel] the Austin, Texas
address and telephone number of Yvone Causey. Defendant later told [counsel]
that Yvone Causey had told Defendant that [complainant] had admitted to Mrs.
Causey that the Defendant did not sexually assault her or engage in any sexual
contact with her. Despite having this information [counsel] never contacted Yvone
Causey.


 . . .


 On January 4, 1994, this cause was scheduled for trial. [Counsel] filed a
Motion For Continuance because he was not prepared for trial but the motion was
denied. [Counsel] told Defendant that if the case went to trial Defendant would in
all probability be convicted because he was not prepared to present a defense. 
[Counsel] told Defendant that he could receive a life sentence and would likely
receive at least twenty years in prison if Defendant insisted on trying the case. 
[Counsel] strongly recommended that Defendant accept the plea bargain that was
being offered by the prosecutor. Defendant agreed to the plea bargain only
because he was terrified.



Appellant also introduced in evidence the affidavit of Yvone Causey, which states in part:



I am the grandmother of [complainant]. [Complainant's] mother, Vickie Causey,
is my daughter.


 . . .


 Sometime in 1990, [appellant] moved into a house with my brother,
Tommy Bell, at 3202 Merrie Lynn in Austin. I know of only one occasion when
[complainant] ever went to [appellant's] house on Merrie Lynn. It was sometime
in the summer of 1990. On that occasion my son, Andrea, drove me to
[appellant's] house to get a vacuum cleaner which [appellant] said he would give
to me. [Complainant] rode with Andrea and me. When we got to the house my
brother, Tommy, answered the door. [Appellant] was outside in the backyard. 
[Complainant] and I went into the house to get the vacuum cleaner while Tommy,
Andrea, and [appellant] remained outside. Nothing of an improper nature occurred
between [appellant] and [complainant] on this occasion. I believe that this was the
only time that [complainant] was ever at [appellant's] house on Merrie Lynn.


 . . . Shortly after [appellant's] arrest [complainant] was at my house and she
and my brother Tommy had a conversation about the allegations against
[appellant]. On that occasion [complainant] told me and my brother that it was not
[appellant] who assaulted her, that it was her daddy, Melvin Hughes.


 . . . I told [appellant] several times between November of 1990 and
November of 1993 that I would like to speak with his lawyer and [appellant] said
that his lawyer kept saying that he would contact me, but he never did.



Appellant asserts that this evidence demonstrates that trial counsel failed to interview or secure
the presence of a witness with critical exculpatory evidence, was not prepared for trial, and
coerced appellant into pleading guilty. Appellant claims that under the circumstances, his plea
was not voluntary.

 Contrary to appellant's contention, the two statements quoted above are not the only
relevant evidence in the record. The transcript contains the motion for continuance filed by
counsel on January 4. In it, counsel requested a continuance because he was preparing for another
jury trial scheduled to begin on January 10. There is nothing in the motion to suggest that counsel
was not prepared to try appellant's case. We also have before us the statement of facts from the
guilty plea proceeding. After being admonished regarding the consequences of his plea, appellant
took the stand and judicially confessed. In response to questioning by the prosecutor, appellant
indicated that his plea was freely and voluntarily made. Appellant was then questioned by defense
counsel:



Q. Mr. Calvin, I've been representing you since December of 1990, is that
correct, when these charges first surfaced?


A. Yes.


Q. And, as you know, we were set for jury trial here today, the Judge had
overruled my written motion for continuance and we were in a position where
we were going to have to take the plea bargain or go to trial. Do you
understand that?


A. Yes.


Q. And did I explain to you the elections that you'd have to make in terms of
whether to have a judge or a jury assess punishment?


A. Yes.


Q. And did I explain to you that in the event that you were convicted of
aggravated sexual assault of a child and had elected the judge to assess
punishment, that you would not be eligible for probation?


A. Yes.


Q. That you would be eligible for probation from a jury in that situation but that,
you know, there's no predicting what a jury will do; is that correct?


A. Yes.


Q. And did I explain to you that we have certain defenses that we could present
in this case, but I gave you my assessment as to what I thought the
probabilities were; is that correct?


A. Sure.


Q. And did I indicate to you that it was your decision whether or not to take this
plea bargain or whether to proceed to trial?


A. Yes.


Q. And is it your decision to accept the plea bargain that was offered?


A. Yes, it is.



 To successfully challenge his guilty plea on a claim of ineffective assistance of
counsel, appellant was required to show that counsel's advice was not within the range of
competence demanded of attorneys in criminal cases and that, but for counsel's errors, he would
not have pleaded guilty and would have insisted on going to trial. Ex parte Pool, 738 S.W.2d 285
(Tex. Crim. App. 1987). The district court, sitting as trier of fact at the new trial hearing, was
the sole judge of the credibility and weight of the evidence. Messer v. State, 757 S.W.2d 820,
824 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). The court was not required to accept as
true either appellant's statement that counsel told him he was not prepared to present a defense
or Causey's claim that she was not contacted by counsel. Id. Even if we accept as true
appellant's contention that counsel failed to interview Causey, there is no evidence that counsel
failed to consider the availability of Causey's favorable testimony when advising appellant of his
options.

 Appellant faced trial on an indictment containing counts accusing him of aggravated
sexual assault and indecency with a child. The record does not reflect the nature of the State's
evidence. Appellant chose to accept the State's offer of probation in exchange for a plea of guilty
to the lesser offense after considering defense counsel's assessment of the possible outcome of a
jury trial. Appellant does not contend that counsel's assessment was inaccurate. Appellant was
properly admonished regarding the consequences of his plea and he stated under oath that he was
pleading guilty voluntarily. Appellant's fear of receiving a harsher punishment if he went to trial
does not in itself render his guilty plea involuntary. The district court has not been shown to have
abused its discretion by overruling appellant's motion for new trial. Points of error one and two
are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 23, 1994

Do Not Publish