TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00567-CR






Craig Brook Walton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0973943, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 Appellant Craig Brook Walton was convicted of the felony offense of driving and
operating a motor vehicle in a public place while intoxicated. See Tex. Penal Code Ann.
§§ 49.04, 49.09 (West 1994 & Supp. 1999). The trial court assessed appellant's punishment,
enhanced by prior felony convictions, at imprisonment for ten years. On appeal appellant asserts
that his guilty plea was not made knowingly and voluntarily because he did not receive effective
assistance of counsel.

 The Court of Criminal Appeals has adopted the Supreme Court's test to determine
challenges of guilty pleas based on a claim of ineffective assistance of counsel:


 In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985),
the Supreme Court held that the two-part test announced in Strickland v.
Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies to
challenges to guilty pleas based on ineffective assistance of counsel. See also Ex
parte Adams, 707 S.W.2d 646 (Tex. Cr. App. 1986). Thus, it is applicant's
burden to first prove that counsel's advice was not "within the range of competence
demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759,
771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), and secondly, that but for
counsel's errors, he would not have pleaded guilty and would have insisted on
going to trial. Hill v. Lockhart, supra.


Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).

 The State alleged that appellant had been convicted previously of three DWI
offenses. Proof of only two previous DWI convictions authorizes third degree felony punishment
for the primary DWI offense. See Tex. Penal Code Ann. § 49.09(b). The State also alleged that
appellant had been convicted of two prior felony offenses to further enhance his punishment;
however, the second previous felony conviction was not for an offense that occurred subsequent
to the first previous conviction having become final. This would authorize second degree felony
punishment. See Tex. Penal Code Ann. § 12.42(a)(3), (d) (West 1999). Appellant entered a non-negotiated plea of guilty and the trial court found him guilty. The State asked the trial court to
assess punishment of imprisonment for thirteen years, but the court assessed punishment of
imprisonment for ten years.

 In his motion for new trial, appellant raised the same issue that he presents on
appeal. He alleged that he received ineffective assistance of counsel that resulted in his entering
an involuntary guilty plea. Specifically, appellant contends that his trial counsel did not properly
investigate and prepare appellant's defense. Appellant alleges that if counsel had properly
investigated and prepared to represent him, counsel would have found that the alleged previous

DWI convictions were invalid and not usable for enhancement because appellant had been
unrepresented by counsel when those convictions were obtained. Moreover, appellant alleges that
if trial counsel had properly prepared appellant's defense, counsel would have learned that when
he was arrested, appellant made racial slurs and stated that he was a white supremacist. Further,
appellant alleged counsel should have known that the racial slurs would be detrimental when the
court assessed punishment.

 At the hearing of the motion for new trial, trial counsel's affidavit attached to the
motion for new trial was not offered in evidence and it is therefore not before us for our
consideration. See Stephenson v. State, 494 S.W.2d 900, 909-10 (Tex. Crim. App. 1973). The
trial court stated for the record that trial counsel was "competent counsel" and a "good lawyer." 
Further, the trial court stated that he had assessed punishment based on "the crime and
[appellant's] prior record," and that the racial slurs and appellant's statement that he was a white
supremacist had no "impact" on the punishment assessed. The State and appellant offered
documentary evidence of appellant's prior convictions. This evidence shows that when appellant
was convicted of two of the previous DWI offenses, he was represented by counsel. When
appellant was convicted of the earliest misdemeanor DWI, he waived representation by counsel,
and there is no evidence he was indigent at that time. The record shows that the previous DWI
convictions were usable to raise the primary offense to the felony level.

 Appellant has failed to prove counsel's alleged deficiencies in the investigation and 
preparation of his defense, and he has failed to show that counsel gave any advice not "within the
range of competence demanded of attorneys in criminal cases." In addition, appellant has failed
to show that he involuntarily entered a guilty plea instead of going to trial. The trial court did not
abuse its discretion in denying appellant's motion for new trial. Appellant's point of error is
overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: October 21, 1999

Do Not Publish










* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



pplicant's
burden to first prove that counsel's advice was not "within the range of competence
demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759,
771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), and secondly, that but for
counsel's errors, he would not have pleaded guilty and would have insisted on
going to trial. Hill v. Lockhart, supra.


Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).

 The State alleged that appellant had been convicted previously of three DWI
offenses. Proof of only two previous DWI convictions authorizes third degree felony punishment
for the primary DWI offense. See Tex. Penal Code Ann. § 49.09(b). The State also alleged that
appellant had been convicted of two prior felony offenses to further enhance his punishment;
however, the second previous felony conviction was not for an offense that occurred subsequent
to the first previous conviction having become final. This would authorize second degree felony
punishment. See Tex. Penal Code Ann. § 12.42(a)(3), (d) (West 1999). Appellant entered a non-negotiated plea of guilty and the trial court found him guilty. The State asked the trial court to
assess punishment of imprisonment for thirteen years, but the court assessed punishment of
imprisonment for ten years.

 In his motion for new trial, appellant raised the same issue that he presents on
appeal. He alleged that he received ineffective assistance of counsel that resulted in his entering
an involuntary guilty plea. Specifically, appellant contends that his trial counsel did not properly
investigate and prepare appellant's defense. Appellant alleges that if counsel had properly
investigated and prepared to represent him, counsel would have found that the alleged previous

DWI convictions were invalid and not usable for enhancement because appellant had been
unrepresented by counsel when those convictions were obtained. Moreover, appellant alleges that
if trial counsel had properly prepared appellant's defense, counsel would have learned that when
he was arrested, appellant made racial slurs and stated that he was a white supremacist. Further,
appellant alleged counsel should have known that the racial slurs would be detrimental when the
court assessed punishment.

 At the hearing of the motion for new trial, trial counsel's affidavit attached to the
motion for new trial was not offered in evidence and it is therefo