Nos. 04-99-00379-CR & 04-99-00380-CR


Paul BELTRAN,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court Nos. 96-CR-0290 & 96-CR-1217


Honorable Sharon MacRae, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice

 

Delivered and Filed: March 7, 2001


AFFIRMED


 Paul Beltran ("Beltran") appeals the trial court's judgments revoking his probation and
sentencing him to ten years imprisonment. In his sole point of error, Beltran contends that he
received ineffective assistance of counsel because his trial counsel allowed him to plead true to
violating a condition of his probation. (1) Beltran asserts that his trial counsel should have known that
the evidence Beltran intended to present at the hearing would not support his plea of true and that
his trial counsel should have advised him not to plead true. Alternatively, Beltran asserts that his trial
counsel should have moved to withdraw his plea after the evidence was introduced that did not
support the plea. We overrule Beltran's point of error and affirm.

Standard of Review


 "[T]he two part test announced in Strickland v. Washington, 466 U.S. 668 (1984), applies
to challenges to guilty pleas based on ineffective assistance of counsel." Ex parte Pool, 738 S.W.2d
285, 286 (Tex. Crim. App. 1987). The voluntariness of a plea under this test depends on: "(1)
whether counsel's advice was within the range of competence demanded of attorneys in criminal
cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, [the
defendant] would not have pleaded guilty and would have insisted on going to trial." Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). A plea does not become involuntary simply
because a defendant receives a greater punishment than he expected. Crawford v. State, 890 S.W.2d
941, 945 (Tex. App.--San Antonio 1994, no pet.). "To defeat the presumption of reasonable
professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.'" Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)).


Discussion


 Beltran was on probation in the underlying causes for assault of a public servant and
aggravated assault with a deadly weapon. A motion to revoke was filed, alleging that Beltran had
violated a condition of his probation by assaulting his wife. Beltran's wife had reported the assault
to the police and Beltran's probation officer. At the hearing on the motion to revoke, Beltran pled
true to the alleged violation. Beltran's plea of true, standing alone, was sufficient to support the
revocation. Hays v. State, 933 S.W.2d 659, 661 (Tex. App.--San Antonio 1996, no pet.). 

 After the trial court accepted Beltran's plea of true, the trial court asked, "Anything y'all want
to say on this?" Trial counsel introduced some letters on Beltran's behalf. Trial counsel also called
Beltran's wife as a witness. Beltran's wife stated that she was the aggressor in the incident and
Beltran was merely trying to keep away from her. Beltran's wife testified that she was very angry
that day and wanted to focus the attention on Beltran when the police arrived because she had an
active warrant against her for no insurance. Beltran's wife stated that she falsely reported what
occurred.

 Beltran contends his trial counsel was ineffective in advising him to plead true knowing that
the testimony to be given by his wife would not support the plea. Although Beltran's wife may have
recanted the report she gave regarding the details preceding the assault, she never stated that Beltran
did not assault her and cause her bodily injury. Furthermore, the record is silent regarding the advice
trial counsel gave Beltran with regard to his plea; therefore, Beltran has failed to rebut the
presumption that the advice was reasoned trial strategy. See Thompson v. State, 9 S.W.3d at 814.
Trial counsel could have counseled Beltran to plead true despite the manner in which his wife
intended to testify because the State could have introduced the reporting officer's testimony as
evidence of the assault. Scugoza v. State, 949 S.W.2d 360, 362-63 (Tex. App.--San Antonio 1997,
no pet.) (officer's testimony sufficient evidence to support husband's conviction for assaulting his
wife despite wife recanting the statements made to officers).

Conclusion


 The trial court's judgments are affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE

DO NOT PUBLISH

1. A brief raising this point of error was filed after this court struck an Anders brief filed by appellate counsel
who was initially retained by Beltran. After we struck the Anders brief, the retained counsel's motion to withdraw was
granted, and Beltran retained new counsel who filed the brief containing the issue we address in this opinion.