Opinion filed July 26, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed July 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00411-CR 

                                                    __________

 

                              JERMAINE CRAIG HARRIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

                                                        Midland County, Texas

                                               Trial
Court Cause No. CR102,428

 



 

                                                                   O
P I N I O N      

 

The jury convicted Jermaine Craig Harris of
possession of marihuana in an amount 
less than two ounces.  The jury
assessed punishment at 180 days confinement and a $2,000 fine.  The imposition of the confinement portion of
the sentence was suspended, and appellant was placed on community supervision
for one year.  We affirm.








There is no challenge to the sufficiency of the
evidence.  Midland County Deputy Sheriff
Thomas Hunnicutt testified that, when he is off duty, he works as a security
guard at the apartment complex where he lives. 
On January 2, 2004, while Deputy Hunnicutt was performing a Awalk-through@
at the apartment complex, he smelled marihuana as he passed by appellant and he
saw something burning in appellant=s
hand.  When Deputy Hunnicutt yelled Ahey@
at appellant, appellant turned around and dropped the burning object on the
ground.  Deputy Hunnicutt picked  it up and determined it was a Ablunt,@
a cigar hollowed out and filled with marihuana. 
He then arrested appellant for possession of marihuana.

Appellant testified at trial that he went to the
apartment complex to pick up a friend.  
As he was walking toward his friend=s
apartment, appellant saw a black male smoking what appeared to be a
cigarette.  Deputy Hunnicutt walked by
the unidentified black male and appellant. 
Deputy Hunnicutt said, AHey,
what are y=all
doing?@  The unidentified black male ran away.  Appellant went toward Deputy Hunnicutt.  Deputy Hunnicutt asked appellant what he was
smoking.   Appellant replied that he was
not smoking anything.  Deputy Hunnicutt
picked up a brown cigar containing marihuana that was still smoking and showed
it to appellant.  Appellant told Deputy
Hunnicutt that the marihuana was not his. 
Deputy Hunnicutt told appellant to walk to the patrol car and to stay
there while he looked for the unidentified black male.  Deputy Hunnicutt returned a few minutes later
without the black male and placed appellant under arrest.

In his sole issue on appeal, appellant complains
that he received ineffective assistance of counsel.  To prevail on an
ineffective-assistance-of-counsel claim, the familiar Strickland test
must be met.  Wiggins v. Smith,
539 U.S. 510, 521 (2003); Strickland
v. Washington, 466 U.S. 668 (1984); Andrews v. State, 159
S.W.3d 98, 101‑02 (Tex.
Crim. App. 2005).  Under Strickland,
we must determine whether counsel=s
performance was deficient and, if so, whether the defense was prejudiced by counsel=s deficient performance.  Wiggins, 539 U.S. at 521; 
Strickland, 466 U.S.
at 687; Andrews, 159 S.W.3d at 101. 
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford
v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).








Appellant=s
attorney on appeal filed a brief in this court arguing that appellant=s trial counsel was ineffective in
failing to conduct an independent investigation and in failing to utilize DNA
evidence.  We allowed that attorney to
withdraw and abated the appeal for the appointment of new appellate
counsel.  Appellant=s newly appointed counsel filed a
supplemental brief arguing that the trial strategy of appellant=s trial counsel was formed without
sufficient investigation and preparation and that trial counsel was ineffective
under the standards of United States v. Cronic, 466 U.S. 648
(1984).  

An attorney must be acquainted with not only the
law but also the facts of the case before the attorney can render reasonably
effective assistance of counsel.  Ex
parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987); Butler v. State,
716 S.W.2d 48, 54 (Tex. Crim. App. 1986). 
We will not reverse a conviction unless the consequence of the failure
to investigate is that the only viable defense available to the accused is not
advanced and there is a reasonable probability that, but for counsel=s failure to advance the defense, the
result of the proceeding would have been different.  McFarland v. State, 928 S.W.2d 482,
501 (Tex. Crim. App. 1996).

Appellant=s
trial counsel testified at a hearing on the motion for new trial that he met
with appellant soon after being appointed to the case.  At that time, appellant told his version of
the events to his trial counsel.  Trial
counsel then reviewed the clerk=s
file, and he reviewed the discovery provided by the State through its Aopen file@
policy.  Trial counsel stated that the
case was Apretty
much as [appellant] had kind of characterized it.  It was going to be his word against the
officer=s.@

Appellant argues that his trial counsel was
ineffective in failing to call other witnesses to testify on his behalf.  Appellant=s
trial counsel testified that appellant did not reveal any witnesses who would
be helpful to his case and that Aeverything
was pretty much undisputed between the State and [appellant].@ 
Appellant did not know the unidentified black male who was present at
the apartment complex.  Appellant has not
shown that any testimony from the unidentified black male would have been
beneficial to his case.  Appellant
contends that his trial counsel should have called appellant=s friend who resided at the apartment
complex; however, there was no dispute that appellant was at the apartment
complex to pick up his friend.

Appellant=s
trial counsel testified that he did not request DNA testing on the marihuana
because the State had the burden of proof and he felt that the absence of
forensic evidence connecting appellant to the marihuana created reasonable
doubt.  Appellant has not shown that
trial counsel=s
decision concerning the DNA evidence was not based upon sound trial
strategy.  Appellant also has not shown
that the result of the proceeding would have been different but for trial
counsel=s failure
to investigate.








In Cronic, 466 U.S. at 658, the Supreme Court
recognized that in some circumstances the accused is not required to show
prejudice but rather that there is a presumption of prejudice.  Such circumstances include the complete
denial of counsel, the failure of counsel to subject the prosecution=s case to meaningful adversarial
testing, and the situation in which surrounding circumstances make it unlikely
that any counsel could provide effective assistance.  Cronic, 466 U.S. at 659-60.  We do not find the presence of the extreme
circumstances required to make a presumption of prejudice.  Appellant has not shown that he received
ineffective assistance of counsel. 
Appellant=s sole
issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.