In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00143-CR

                                                ______________________________

 

 

                             BENITO ELIZONDO-VASQUEZ,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 426th
Judicial District Court

                                                               Bell County, Texas

                                                            Trial
Court No. 66931

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Benito
Elizondo-Vasquez (a citizen of Mexico legally residing
in Texas) was charged with possession of between fifty pounds and 2,000 pounds
of marihuana,[1] a
second-degree felony offense.  On
Vasquez’ plea of guilty under a plea bargain agreement, the State recommended
the imposition of a twelve-year sentence, a recommendation followed by the 27th
Judicial District Court of Bell County, Texas. 
Vasquez has now appealed with the permission of the trial court.[2]  

Positions on Appeal

            Counsel
on appeal raises the issue of ineffective assistance of counsel, asserting that
this ineffectiveness rendered Vasquez’ plea of guilty involuntary.  In its reply brief, the State reviewed the
case and relevant caselaw, concluding that
controlling United States Supreme Court authority requires a conclusion that
Vasquez’ trial attorney was constitutionally ineffective for having failed to
inform Vasquez that he would certainly be deported as a result of his
conviction for such a crime; going further, the State concurs that Vasquez’
plea of guilty was necessarily involuntary due to trial counsel’s error,
thereby requiring reversal for a new trial. 

            We
note that it is “the primary duty of all prosecuting attorneys, including any
special prosecutors, not to convict, but to see that justice is done.”  Tex.
Code Crim. Proc. Ann. art. 2.01 (West 2005).  

            Admirably,
in this circumstance, the State has not only recognized the futility of blindly
opposing what appears to be settled law, it has fulfilled its primary
statutorily-imposed duty to see that justice is done in this case.  In doing so, the State has performed
ethically and in the best tradition of the legal profession, a course of action
we wholeheartedly commend.  

Factual Background

            Vasquez
was stopped while driving a vehicle which contained 194 pounds of
marihuana.  After several meetings with
his appointed counsel, Vasquez decided to plead guilty to the charge.  Vasquez was given (and stated that he
understood) the standard statutory admonishments, which included advice that a
conviction of a crime such as this could result in his deportation from the
United States. 

            Vasquez
filed a motion for new trial, upon which a hearing was conducted.  In relevant part, the motion alleged that
trial counsel did not advise him that his plea of guilty to this offense would
(not could) result in his deportation. 
At the hearing, trial counsel testified that Vasquez’ primary concern was
how the charge and any resulting incarceration would impact his status as an
immigrant.  Trial counsel continued in
his testimony that he told Vasquez that it was possible that this case could
adversely impact that status, but never gave him a definitive answer, telling
Vasquez to consult with an immigration lawyer.  Counsel did not research the law, and it is
apparent that he was unaware that deportation or removal is mandatory upon
conviction for possession of a large quantity of marihuana and that trial
counsel also was unaware that exceptions to that result did not exist in immigration
law where a guilty plea was entered. 
Counsel stated that he told Vasquez he had a good chance at “probation”
(community supervision), but did not know what effect a deferred adjudication
or a probated sentence might have on his status.  

            Vasquez
testified that he inferred from counsel’s statements he would get probation[3] and
that the expected probation would not jeopardize his status as a legal
immigrant.  He continued on to say that
his trial counsel told him repeatedly not to worry because he would get
probation and that because he would get probation, he would not be deported.

Review of Applicable Law

            The
standard of testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984). 
To prevail on this claim, an appellant must prove by a preponderance of
the evidence (1) that his counsel’s representation fell below an objective
standard of reasonableness and (2) that the deficient performance prejudiced
the defense.  Strickland, 466 U.S.
at 689; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999).  

            The
two-pronged test of Strickland applies to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58
(1985); Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).  The voluntariness of the plea depends (1) on
whether counsel’s advice was within the range of competence demanded of
attorneys in criminal cases, and if not, (2) on whether there is a reasonable
probability that, but for counsel’s errors, appellant would not have entered
his plea and would have insisted on going to trial.  Hill, 474 U.S. at 59; Ex parte
Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997).

            In
Padilla v. Kentucky, ___ U.S. ___,
130 S.Ct. 1473 (2010), the United States Supreme
Court held that a criminal defense lawyer did not provide his noncitizen client
effective assistance of counsel under Strickland
when he did not warn him that he was almost certain to be deported if he pled
guilty.  The Court recognized that counsel
could easily have determined that his plea would make him eligible for
deportation “simply from reading the text of the statute, which addresses not
some broad classification of crimes but specifically commands removal for all
controlled substances convictions except for the most trivial of marihuana
possession offenses.”  Id. 130 S.Ct. at
1483; see 8 U.S.C.A. 1227(a)(2)(B)
(West, Westlaw current through 2011).  As
in this case, the consequences of the plea could easily be determined from the
statute, the deportation was presumptively mandatory, and his counsel’s advice
was incorrect.  Padilla, 130 S.Ct. at 1484.

            The
high court recognized that some areas of immigration law and such consequences
were unclear or uncertain and that the duty of counsel in such cases
accordingly is more limited.  However,
“when the deportation consequence is truly clear, as it was here, the duty to
give correct advice is equally clear.”  Id. at 1477.  Counsel’s suggestion that Vasquez should ask a
different, additional attorney is not sufficient.  Further, the United States Supreme Court’s
analysis of the statute points out that for purposes of immigration, an alien
is convicted where he is found guilty, or when he enters a plea of guilty and
some form of punishment, penalty, or restraint on liberty is imposed.  Id.
at 1483; 8 U.S.C.A. 1101(a)(48)(A) (West, Westlaw current through 2011).  Thus, any plea of guilty would result in the application
of immigration statutes and deportation would be presumptively mandatory and
virtually certain.  Padilla, 130 S.Ct. at 1483. 

            Vasquez
testified that he would not have pled guilty had he known that such a plea
would result in his deportation from the United States.  He testified that his immigration status was
his primary concern and that he discussed it at every meeting with trial
counsel.  In those discussions, he
specifically inquired of trial counsel about the issue and the effect his plea
would have upon it, as well as potential outcomes.  See Ex
parte Tanklevskaya, No. 01-10-00627-CR, 2011 Tex.
App. LEXIS 4034 (Tex. App.—Houston [1st Dist.] May 26, 2011, pet. filed) (similar
situation with erroneous information provided about immigration
consequence—recognizing that standard admonishment that a plea of guilty may result in deportation is
insufficient warning per Padilla).  

            Other
appellate courts have addressed this situation and concluded that such a
failure to provide the requisite advice constituted deficient performance under
Strickland and Padilla.  We must agree.  Further, in light of clear and consistent
evidence that Vasquez would not have pled guilty but for the deficient advice,
we must likewise hold that due to counsel’s ineffective assistance, the plea
was involuntary.

            We
reverse the case and remand to the trial court for further proceedings. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 17, 2011

Date Decided:             October 18, 2011

 

Publish












[1]Tex. Health & Safety Code Ann. §
481.121 (West 2010).

 





[2]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Third Court of Appeals and that of this Court on any relevant
issue.  See Tex. R. App. P.
41.3.





[3]The
plea bargain agreement as signed by Vasquez and his trial counsel contained no
mention of a recommendation by the State of community supervision or deferred
adjudication.