**Affirmed and Opinion filed December 19, 2013.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-12-00799-CR

---

**JAIME HERNANDEZ VIDAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1160815**

---

## O P I N I O N

Appellant Jaime Hernandez Vidal appeals his conviction for recklessly causing serious bodily injury to a child, asserting the trial court erred by denying his request for an instruction regarding defense of a third person, by denying his request for a hearing on his motion for new trial regarding prosecutorial misconduct, and by denying his motion for a mistrial. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning, appellant and Maria Martinez[1] were involved in a collision of two trucks near Martinez's mother's home, where Martinez was living. Both of Martinez's young sons, Juan Carlos and Nathaniel, sustained injuries from the collision. Nathaniel, the complainant in this case, was five years old at the time of the incident and suffered extensive injuries. After police investigated, appellant was charged with recklessly causing serious bodily injury to a child, to which he pleaded "not guilty."

At a jury trial, the State presented evidence from Martinez and law enforcement officers. Martinez testified that she noticed appellant's truck in the carport as she was returning home from visiting her new boyfriend. As she turned into the driveway, appellant turned on the headlights and accelerated his truck toward her truck. She quickly reversed her truck out of the driveway and began driving away with appellant following behind. Shortly thereafter, appellant's truck hit Martinez's truck multiple times, pushing her truck into a ditch. Martinez and her two children were then transported to the hospital.

Appellant testified that the evening before the incident Martinez telephoned him three times. According to appellant, during those calls she informed him that a car was following her and she needed his help. He proceeded to her home to render assistance and waited several hours for her to arrive. Eventually, he saw Martinez's truck and a dark-colored car arrive. Martinez attempted to pull her truck into the driveway, but she was unable to do so because of appellant's truck. Instead, she pulled out and began driving away. Appellant was inconsistent as to whether the dark-colored car or Martinez approached the house first, but appellant consistently stated that eventually the dark-colored car fled the area with Martinez

---

[1] Martinez is also referred to as "Connie" throughout the proceedings.

in pursuit.  According to appellant, he joined the pursuit to obtain the license plate number of the dark-colored car and confront the driver.  Appellant testified that while pursuing the dark-colored car, Martinez moved onto the left-hand side of the street and he took that as an indication to pass her.  According to appellant, the trucks somehow collided while he was passing her.

Before the trial court charged the jury, appellant requested an instruction regarding defense of a third person.  The trial court denied appellant's request.  The jury found appellant guilty of recklessly causing serious bodily injury to a child and assessed punishment at two years' confinement.  Appellant moved for a new trial, requesting a hearing on the motion.  The trial court did not hold a hearing, and appellant's motion for new trial was overruled by operation of law.  Appellant timely filed this appeal, raising three issues.

## II. ISSUES AND ANALYSIS

### A.    Did the trial court err in failing to charge the jury on defense of a  third party?

In his first issue, appellant argues the trial court erred by denying his request for an instruction regarding defense of a third person.  The trial court must submit a requested defensive instruction to the jury if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true.  *See Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007).  In determining whether a defense is thus supported, the trial court judge must rely on her own judgment, formed in the light of common sense and experience, as to the limits of rational inference from the facts proven.  *Id*. at 658.  If a defense is supported by the evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court judge is of the opinion that the evidence is not credible.  *Id*.  But, the evidence must be such

3

that it will support a rational jury finding as to each element of the defense; otherwise, the trial court commits no error in refusing a requested instruction. *See id.*; *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993).

Texas Penal Code section 9.33, entitled "Defense of Third Person," provides as follows:

> A person is justified in using force or deadly force against another to protect a third person if:
>
> (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and
>
> (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

Tex. Penal Code § 9.33 (West 2013). The trial court denied appellant's request that the jury be charged regarding this defense. But, this defense does not apply under certain circumstances. *See* Tex. Penal Code § 9.05 (West 2013); *Hayes v. State*, 161 S.W.3d 507, 508–09 (Tex. Crim. App. 2005). Texas Penal Code section 9.05, entitled "Reckless Injury of Innocent Third Person," provides as follows:

> Even though an actor is justified under this chapter in threatening or using force or deadly force against another, if in doing so he also recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

Tex. Penal Code § 9.05. The case under review involves a prosecution for the reckless injury of Nathaniel, an innocent third person. Presuming, without deciding, that appellant's driving of his truck was a "use of force" against the driver of the dark-colored car to protect Martinez and that the two subsections of section 9.33 also were satisfied, the trial court still did not err in denying

4

appellant's request for an instruction under section 9.33 because appellant was being prosecuted for the reckless injury of an innocent third person.[2]  *See id*.; *Hayes*, 161 S.W.3d at 508–09; *Banks v. State*, 955 S.W.2d 116, 118–19 (Tex. App.—Fort Worth, 1997, no pet.).  Accordingly, we overrule appellant's first issue.

## B.  Did the trial court abuse its discretion by denying appellant's request for a hearing on his motion for new trial?

In his second issue, appellant asserts that the prosecuting attorney was guilty of prosecutorial misconduct by sponsoring a witness (Martinez) that he knew was going to lie and in suborning perjury by Martinez.  Appellant contends that this alleged prosecutorial misconduct deprived him of due process and denied him his right to a fair trial in violation of the constitutions of the United States and Texas. Under this issue, appellant asserts that the trial court erred by denying his request for a hearing on his motion for new trial.  In addressing this complaint, we presume for the sake of argument that: (1) appellant was able to preserve error regarding the prosecutorial-misconduct claim in his motion for new trial without having voiced this complaint during trial; and (2) appellant timely presented his motion for new trial to the trial court.  *See Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2008) (addressing presentment requirement).

In analyzing this issue, we address whether the trial court abused its discretion by failing to conduct a hearing on appellant's motion for new trial.  We review a trial court's denial of a hearing on a motion for new trial and its denial of a new trial under an abuse-of-discretion standard, in which we reverse only if the decision was so clearly wrong as to fall outside the zone within which reasonable

---

[2] Even absent application of Texas Penal Code section 9.05, we still would conclude that the trial court did not err in denying appellant's request for an instruction under Texas Penal Code section 9.33.

persons might disagree. *See Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Stokes v. State*, 298 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Absent such an abuse of discretion, an appellate court is not justified in reversing the trial court's judgment. *Smith*, 286 S.W.3d at 339.

To be entitled to a hearing on a motion for new trial, the movant must raise one or more matters not determinable from the record and establish the existence of reasonable grounds showing that he could be entitled to relief. *Id.* Thus, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for the claim. *Id.* The affidavit need not establish a *prima facie* case, or even reflect all components required to establish relief. *Id.* It is sufficient if a fair reading of the affidavit gives rise to reasonable grounds that could entitle the movant to relief. *Id.* Affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief sought; thus, in such circumstances no hearing is required. *Stokes*, 298 S.W.3d at 431.

During its direct examination of Martinez, the State adduced evidence that Martinez gave several prior inconsistent statements on multiple occasions. On cross-examination, appellant's counsel questioned her about these statements. During this portion of the cross-examination, Martinez contradicted some of her direct-examination testimony by denying that she had made some of the prior inconsistent statements.

In his motion for new trial, appellant asserted that Martinez "committed the felony offense of Perjury [during] her testimony before the jury" and that the assistant district attorney trying the case was aware that Martinez would commit perjury, and condoned and encouraged her perjured testimony. In the motion,

6

appellant asserts that the assistant district attorney committed subornation of perjury. We conclude that this motion was based on matters not already in the record, and therefore, for appellant to have been entitled to a hearing, the motion must have been supported by an affidavit in which the affiant specifically set out the factual basis for this prosecutorial-misconduct complaint. *See Smith*, 286 S.W.3d at 339; *Stokes*, 298 S.W.3d at 431.

Although appellant repeated the assertions that Martinez gave perjured testimony and that the prosecutor knew, condoned, and encouraged the allegedly perjured testimony, appellant did not provide any factual support for those conclusions in his motion. Appellant did not specify which portions of Martinez's testimony he contended constituted perjury. Nor did he provide any evidence that the prosecutor knew Martinez would make the allegedly perjured statements. In support of the motion, appellant attached an affidavit from his trial counsel, which stated, in its entirety:

> I am the attorney for the Defendant in this cause, I have read the above Motion for a New Trial and the contents therein are made and believed to be true to the best of my knowledge based upon my observations in the trial of this case.

Presuming for the sake of argument that appellant submitted a valid affidavit, appellant did no more than make various conclusory statements. A fair reading of the affidavit of appellant's counsel does not give rise to reasonable grounds that could entitle appellant to relief. *See Smith*, 286 S.W.3d at 339; *Stokes*, 298 S.W.3d at 431. Accordingly, the trial court did not abuse its discretion in failing to grant appellant a hearing on his motion for a new trial.

Appellant argues in the alternative that this court may reverse the trial court's judgment based upon "obvious prosecutorial misconduct" from Martinez's statements and from other evidence in the record. To the extent that appellant

asserts prosecutorial misconduct for the first time on appeal and not based upon the trial court's ruling on his motion for new trial or request for hearing on that motion, we conclude appellant failed to preserve error in the trial court. *See Neal v. State*, 150 S.W.3d 169, 175–80 (Tex. Crim. App. 2004) (holding appellant could not raise prosecutorial vindictiveness claim for the first time on appeal); *Temple v. State*, 342 S.W.3d 572, 603, n.10 (Tex. App.—Houston [14th Dist.] 2010) (holding appellant failed to preserve error in trial court regarding alleged prosecutorial misconduct), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013). To the extent that appellant asserts that the trial court abused its discretion in denying his motion for new trial, we find no error in this ruling.

For the foregoing reasons, we overrule appellant's second issue.

## C.     Did the trial court err in denying appellant's motion for mistrial?

In his third issue, appellant asserts that the trial court erred in denying his motion for mistrial. We review a trial court's denial of a motion for mistrial under the abuse-of-discretion standard. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Id.* A mistrial is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored. *See id.* In determining whether a prejudicial event was so harmful as to warrant reversal on appeal, we consider the prejudicial effect, any curative measures taken, and the certainty of conviction absent the prejudicial event. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

Martinez testified without objection that appellant, while driving his truck at a high rate of speed, chased her truck, repeatedly hit her truck, and pushed it into a ditch. She also testified that she initially lied about the incident because she was afraid of appellant. During her testimony, Martinez also stated that immediately

8

after the collision, while she was waiting for the ambulance, appellant said to her, "[Y]ou better not say nothing or I'm going to finish you and the kids off." Before trial, the court apparently had prohibited Martinez from making this statement at trial.

Appellant argues that the trial court abused its discretion in refusing to grant his motion for a mistrial because the statement was so prejudicial that it was impossible for the jury to disregard. He also asserts that the trial court's efforts to cure the prejudicial statement only served to entrench it in the jurors' minds. Following Martinez's statement, the trial court judge promptly instructed the jurors to disregard the statement and asked whether they could comply. No juror expressed difficulty. Generally, a prompt instruction to disregard by the trial court will cure error associated with improper testimony referring to or implying extraneous offenses, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds. *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). Martinez's statement did not rise to the level of an "extreme circumstance" that was "incurable." *See Ocon*, 284 S.W.3d at 884. Under the circumstances presented, we conclude that any potential prejudice associated with Martinez's statement was cured by the trial court's instruction to disregard. *See Kemp*, 846 S.W.2d at 308; *Martinez v. State*, 844 S.W.3d 279, 284 (Tex. App.—San Antonio 2007, pet ref'd). The trial court did not abuse its discretion in denying appellant's motion for mistrial. *See Kemp*, 846 S.W.2d at 308; *Martinez*, 844 S.W.3d at 284. Accordingly, we overrule appellant's third issue.

### III. CONCLUSION

The trial court did not err in failing to instruct the jury on the defense of a third party or in denying appellant's motion for mistrial. The trial court did not

9

abuse its discretion in denying appellant's request for a hearing on his motion for new trial.  Accordingly, we affirm the judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Publish — TEX. R. APP. P. 47.2(b).