**Affirmed and Memorandum Opinion filed December 29, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00920-CR

---

**JEFFREY WAYNE WOFFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1592815**

---

## MEMORANDUM OPINION

Appellant raises four issues in this case, all of which arise out of a single ruling denying a motion for mistrial. Because we conclude that the trial court did not abuse its discretion by denying the motion for mistrial, we overrule each issue and affirm the trial court's judgment.

# BACKGROUND

Appellant was charged with sexually assaulting the complainant, a sixteen-year-old girl. He pleaded not guilty and his case proceeded to a trial by jury, where two competing versions of events were presented.

***The Prosecution's Version of Events.*** The complainant testified that she was at appellant's house in part to visit with appellant's daughter, with whom she was friends. When the daughter left temporarily to see her boyfriend, the complainant went to appellant's bedroom, where he and his wife were watching a comedy special on television.

At one point, the wife dropped peanut butter on her chest, and appellant licked it off. The wife then suggested that the complainant put peanut butter on her own chest for appellant to do the same thing. The complainant complied. The sexual activities then gradually escalated to the point of appellant having intercourse with the complainant, and with his wife encouraging the complainant in the same room.

The complainant told appellant's daughter what happened later that night, and the daughter said never to mention it to anyone. The complainant did not speak of the incident for more than five months until she was confronted by her mother, who apparently heard of the incident through a network of friends. As soon as the complainant confirmed that the incident had happened, she and her mother filed a police report, which led to appellant's arrest.

***The Defense's Version of Events.*** Appellant testified in his own defense, and he denied ever having any form of sexual contact with the complainant. He said that the complainant had been drinking alcohol on the night in question and that she came into his bedroom to speak to his wife, who was a longtime friend of the complainant's mother. While they talked about boys, he played video games.

During their discussion about boys, appellant's wife made a comment to the complainant that appellant only married her because she had large breasts. Upon hearing that comment, the complainant lifted her shirt and said, "Well, what about these?" Appellant immediately demanded that the complainant leave the room, which she did.

Appellant's wife, who does not appear to have been charged with committing an offense, gave very similar testimony.

## MOTION FOR MISTRIAL

During her cross-examination, appellant's wife testified that she had previously told a sheriff's deputy that appellant had "questionable morals." The wife clarified on redirect that this characterization did not mean that appellant had a problem with having sex with underage girls. Rather, the wife explained that appellant had questionable morals because he has struggled in the past with drug abuse.

On further cross-examination, the prosecutor asked appellant's wife, "Did you tell the deputy that you and your husband had discussed possibly someday doing like a swing?" Before the wife could answer, defense counsel lodged a series of objections.

Counsel asserted that the prosecutor had engaged in misconduct by violating an order on a motion in limine, which required the parties to first approach the trial court before mentioning appellant's "alleged sexual proclivities, except allegations involving the named complainant." Counsel also argued that the elicited testimony had no probative value, and that the prosecutor's question violated appellant's due process rights under both the federal and state constitutions.

3

The prosecutor responded that the defense had opened the door. The trial court resolved the entire dispute by instructing the jury to disregard the prosecutor's question. Believing that the question was uncurable and had already tainted the jury, the defense moved for a mistrial. That motion was denied.

Following the trial court's ruling, both sides rested and closed. The jury never heard the wife's answer to the prosecutor's question.

Appellant now argues in four interrelated issues that the trial court committed reversible error when it denied the motion for mistrial.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Because a mistrial is a serious remedy, it should be reserved for only extreme situations of highly prejudicial and incurable misconduct. *Id.* If the trial court could have reasonably determined that the challenged conduct did not rise to that level, then the trial court's denial of a motion for mistrial must be upheld. *Id.*

In the first of his issues, appellant argues that a mistrial was warranted because the prosecutor violated the order on the motion in limine. For the sake of argument, we will assume without deciding that the prosecutor engaged in misconduct. The question then becomes whether the trial court abused its discretion by denying the motion for mistrial. And to answer that question, we must balance three factors: (1) the severity of the misconduct; (2) any measures taken to cure the prejudicial effect of the misconduct; and (3) the certainty of conviction absent the misconduct. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

Beginning with the first factor, defense counsel suggested in the trial court that the prosecutor's question was severe because the question imparted to the jury that appellant and his wife were swingers and that they might have an interest in

exchanging sexual partners. But the prosecutor's question only mentioned a possible contemplation of swinging in the future, not a past history of doing so. And there was no reference at all to having any form of sexual contact with children. This factor does not weigh greatly in favor of finding that the trial court abused its discretion.

As for the second factor, the record shows that the trial court instructed the jury to disregard the prosecutor's question. We ordinarily presume that a prompt instruction to disregard will cure any error associated with an improper question. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam). There is an exception for when the question alone is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *See Cooks v. State*, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992), *superseded on other grounds as stated in Bell v. State*, 415 S.W.3d 278 (Tex. Crim. App. 2013). We do not believe that this exception applies here because the prosecutor's question alluded to swinging in the future, which is not illegal, and as mentioned above, there was no inflammatory reference to having sexual contact with children. *Cf. Vidal v. State*, 418 S.W.3d 907, 913 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding that a witness's improper testimony that the defendant had threatened to "finish you and the kids off" could be cured by a prompt instruction to disregard, even though the statement closely related to the charged offense, which was recklessly causing injury to a child). This factor does not support a finding that the trial court abused its discretion.

As for the final factor, we as an appellate court are not in an ideal position to determine whether the conviction was certain. There was no physical or forensic evidence. This was essentially a "he said, she said" case, where the credibility of the complainant and the defendant was the central, dispositive issue. *See Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009). We did not have the benefit

of observing the witnesses' credibility and demeanor, but the trial court did. We also note that the jury sent out several notes during its six-hour deliberations, and not one of them pertained to the testimony of appellant's wife, which is some indication that the prosecutor's question did not move the jury from a state of non-persuasion to a state of persuasion.

Having considered all three factors together, we cannot say that the trial court clearly abused its discretion by denying a motion for mistrial based on the argument that the prosecutor had violated the order on the motion in limine.

In his second issue, appellant argues that the trial court should have granted the motion for mistrial because the prosecutor elicited inadmissible evidence. This argument fails for the simple reason that no evidence actually resulted from the question. Appellant's wife did not answer the question, and the question itself is not evidence. *See Madden v. State*, 242 S.W.3d 504, 515 n.30 (Tex. Crim. App. 2007).

In his third issue, appellant argues that a mistrial was warranted because the prosecutor's question violated his rights to due process under the federal constitution. Appellant makes the same argument in his fourth issue, except that he bases it instead on his state constitutional right to due process. Both arguments fail because appellant has provided no substantive discussion or authority showing that the prosecutor's question amounted to a deprivation of due process. *See* Tex. R. App. P. 33.1(i) (requiring adequate briefing); *Lilly v. State*, 365 S.W.3d 321, 326 (Tex. Crim. App. 2012) (refusing to consider constitutional arguments because the briefing contained no substantive analysis or authorities). Also, for the same reasons given above, there is no indication that the trial court's instruction to disregard was ineffective at curing any prejudice resulting from the prosecutor's question.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
   Justice

Panel consists of Justices Christopher, Wise, and Hassan.

Do Not Publish – Tex. R. App. P. 47.2(b).