Forrest Lee STOKES, Appellant

v.

The STATE of Texas, Appellee.

No. 14–04–00518–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 8, 2009.

Shawna L. Reagin, Houston, TX, for Appellants.

Eric Kugler, Houston, TX, for State.

Panel consists of Justices FROST, SEYMORE, and Senior Justice HUDSON.*

## OPINION ON REMAND

KEM THOMPSON FROST, Justice.

A jury convicted appellant Forrest Lee Stokes of felony theft of merchandise from a retail store. After finding two enhancement paragraphs to be true, the jury assessed punishment at fifteen years' confinement. Appellant filed a motion for new trial and requested a hearing. The trial court did not hold a hearing, and the motion was overruled by operation of law.

### PROCEDURAL BACKGROUND

On original submission, appellant raised two issues: (1) the trial court abused its discretion in failing to hold a hearing on his motion for new trial; and (2) the trial court wrongly deprived him of his right to testify on his own behalf at trial. This court affirmed the judgment. *See Stokes v. State*, 221 S.W.3d 101, 107 (Tex.App.-Houston [14th Dist.] 2006), *vacated*, 277 S.W.3d 20 (Tex.Crim.App.2009). We did not reach the merits of appellant's first issue because we held that the record failed to indicate that appellant properly presented his motion for new trial to the trial court when the docket notations were in unknown handwriting and not signed by the trial judge nor shown to have been made by the trial court. *See id.* at 105. As to appellant's second issue, we held that appellant failed to preserve error. *See id.* at 106–07.

The Texas Court of Criminal Appeals granted review and held that a docket entry in unknown handwriting was sufficient to show that the motion was properly presented to the trial court. *See Stokes v. State*, 277 S.W.3d 20, 23–25 (Tex.Crim. App.2009). The Court of Criminal Appeals vacated the judgment of this court and remanded the case to this court for an analysis of the merits of appellant's first issue. *See id.* at 25. Therefore, on remand, we now address whether the trial court abused its discretion by failing to hold a hearing on appellant's motion for new trial.[1]

### FACTUAL BACKGROUND

Appellant timely filed a motion for new trial, in which he asserted he received ineffective assistance of counsel, based on the following alleged deficiencies by his trial counsel:

(1) failure to subpoena a witness,

(2) failure to investigate the facts of the case and failure to interview certain witnesses,

(3) failure to investigate the existence of videotapes that might have been created by in-store video cameras,

(4) failure to investigate whether any of the State's witnesses had any prior criminal record that could be used to impeach credibility, and

(5) refusal to investigate the validity of one of the alleged prior convictions used to enhance the range of punishment applied to appellant.

The motion included a request for hearing. No hearing was held, and the motion was overruled by operation of law.

---

* Senior Justice Harvey Hudson, sitting by assignment.

1. Because we overruled appellant's second issue on original submission and because that issue was not considered by the Court of Criminal Appeals, on remand we do not address the second issue.

## ANALYSIS

In analyzing the first issue, we address whether the trial court abused its discretion by failing to conduct a hearing on appellant's motion for new trial. We review a trial court's denial of a hearing on a motion for new trial under an abuse-of-discretion standard, in which we reverse only if the decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *See Smith v. State*, 286 S.W.3d 333, 339 (Tex.Crim.App. 2009). Absent such an abuse of discretion, an appellate court is not justified in reversing the trial court's judgment. *Id.*

■ To be entitled to a hearing on a motion for new trial, the movant must raise one or more matters not determinable from the record and establish the existence of reasonable grounds showing that he could be entitled to relief. *See id.* Thus, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for the claim. *See id.* The affidavit need not establish a *prima facie* case, or even reflect all components required to establish relief. *See id.* It is sufficient if a fair reading of the affidavit gives rise to reasonable grounds that could entitle appellant to relief. *See id.* Affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, in such circumstances no hearing is required. *See id.*

A defendant seeking to challenge counsel's representation must establish that his counsel's performance was deficient and prejudiced his defense. *See id.* at 340. To show deficiency, appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell be-

low the standard of professional norms. *See id.* To show prejudice, appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *See id.* Before appellant is entitled to a hearing on a motion for new trial in which he alleges ineffective assistance of counsel, he must provide sufficient facts from which a trial court reasonably could conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *See id.*

### Alleged Failure to Subpoena a Witness

■ In the first ground of his motion for new trial, appellant complained that his trial counsel rendered ineffective assistance by failing to subpoena a witness. Appellant claims he told his trial counsel that an Aldine School District police officer arrested him in the parking lot of the store and that this officer could verify that appellant had no merchandise in his possession when he was arrested, contrary to the testimony of a witness for the State that appellant put stolen merchandise in his pants. Appellant contends that despite his repeated requests, his trial counsel did not talk to the officer or subpoena the officer to testify at trial. A claim of ineffective assistance based on trial counsel's failure to call a witness cannot succeed absent a showing that the witness was available to testify and that the witness's testimony would have benefitted the defense. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex.Crim.App.2007). Appellant does not

assert in his declaration that this officer was available to testify at trial. The only evidence regarding what this officer's testimony would have been is appellant's assertion that the officer "*could* verify that [appellant] had no merchandise in [his] possession" when he was arrested in the store's parking lot. (emphasis added). This statement is conclusory and insufficient to show what this officer's testimony would have been. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994) (holding trial court did not err by denying hearing on motion for new trial regarding alleged ineffective assistance in failing to investigate and subpoena witnesses because appellant's affidavit did not state what the witnesses' testimony would have been and only stated that the witnesses "could have provided crucial exculpatory information"). As to the first ground of appellant's motion for new trial, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failure, there is a reasonable likelihood that the outcome of his trial would have been different. *See Smith*, 286 S.W.3d at 339–44; *Ex parte Ramirez*, 280 S.W.3d at 853; *Jordan*, 883 S.W.2d at 665. Therefore, the trial court did not abuse its discretion by failing to conduct a hearing on this ground. *See Smith*, 286 S.W.3d at 344; *Jordan*, 883 S.W.2d at 665. Accordingly, this ground presents no basis for relief.

### Alleged Failure to Investigate Facts and Interview Witnesses

■■ In the second ground of his motion for new trial, appellant complained that his trial counsel rendered ineffective assistance by failing to conduct an independent investigation of the facts of the case, by failing to interview the State's witnesses before trial, and by failing to interview the Aldine School District officer. In his declaration, appellant also asserts that his trial counsel failed to interview other store employees that appellant believed would support his defense. A claim for ineffective assistance based on trial counsel's general failure to investigate the facts of the case fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *See Cooks v. State*, 240 S.W.3d 906, 912 (Tex.Crim.App.2007). Likewise, a claim for ineffective assistance based on trial counsel's failure to interview a witness cannot succeed absent a showing of what the interview would have revealed that reasonably could have changed the result of the case. *See Jordan*, 883 S.W.2d at 665; *Walker v. State*, 195 S.W.3d 250, 255–56 (Tex.App.-San Antonio 2006, no pet.). Appellant's motion and declaration do not provide the names of the witnesses that his trial counsel failed to interview, and appellant does not state what the investigation or interviews would have revealed that reasonably could have changed the result of this case. As to the second ground of appellant's motion for new trial, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failures, a reasonable likelihood exists that the outcome of his trial would have been different. *See Smith*, 286 S.W.3d at 339–44; *Cooks*, 240 S.W.3d at 912; *Jordan*, 883 S.W.2d at 665; *Walker*, 195 S.W.3d at 255–56. Therefore, the trial court did not abuse its discretion by failing to conduct a hearing. *See Smith*, 286 S.W.3d at 344; *Jordan*, 883 S.W.2d at 665. This ground provides no basis for relief.

### Alleged Failure to Investigate the Existence of Videotapes

■ In the third ground of his motion for new trial, appellant complained that his

trial counsel rendered ineffective assistance by failing to "investigate the existence of in-store video cameras, the tapes to which would have contradicted the State's evidence and would have established [appellant's] innocence, in that [appellant] contends said tapes would prove he was not in the store, did not steal the alleged merchandise, etc." In his declaration, appellant stated that trial counsel "refused my request that he investigate the store for placement of security video cameras that would have proved I was not in the store and that I did not steal anything." Appellant also stated that, when he was being held in the store's loss prevention office, "the man that arrested me showed me that cameras were focused on the outside doors and other areas, where I supposedly was seen with the stolen merchandise." Appellant does not assert that any videotapes exist; rather, he asserts that in-store cameras were present at the scene and that, if videotapes were being made from these cameras, the tapes would show that appellant was not in the store and did not steal the alleged merchandise.

The store manager testified at trial that there is no video evidence of what happened during this incident and that the only video equipment at the store that was being used at the time of the offense were cameras trained on the cash registers to watch the cashiers. In any event, even if there were cameras trained on the parts of the store where appellant was positioned during the time of the alleged offense, appellant has not asserted that these cameras were connected to a videotape recorder or that any videotape recordings from these cameras were created.

As to the third ground of appellant's motion for new trial, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged fail-

ures, a reasonable likelihood exists that the outcome of his trial would have been different. *See Smith,* 286 S.W.3d at 339–44; *Ex parte Ramirez,* 280 S.W.3d at 853–54 (holding that applicant failed to show prejudice from counsel's alleged failure to investigate and review videotape because applicant did not produce the videotape or show what the videotape recorded); *Jordan,* 883 S.W.2d at 665. Therefore, the trial court did not abuse its discretion by failing to conduct a hearing on this ground. *See Smith,* 286 S.W.3d at 344; *Jordan,* 883 S.W.2d at 665. Accordingly, this ground provides no basis for relief.

### Alleged Failure to Investigate the Criminal Records of the State's Witnesses

 In the fourth ground of his motion for new trial, appellant complained that his trial counsel rendered ineffective assistance by failing to independently investigate whether the State's witnesses had any prior criminal records with which they could be impeached at trial. A claim of ineffective assistance based on trial counsel's failure to investigate the facts of the case fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *See Cooks,* 240 S.W.3d at 912. In his motion and declaration appellant did not assert that any of the State's witnesses had criminal records or that impeachment of any of the State's witnesses with prior convictions reasonably could have changed the result of the trial.

As to the fourth ground of appellant's motion for new trial, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome of his trial would have been different. *See Smith,* 286 S.W.3d at 339–

44; *Jordan,* 883 S.W.2d at 665; *Yates v. State,* 1 S.W.3d 277, 281–82 (Tex.App.-Fort Worth 1999, pet. ref'd) (concluding no abuse of discretion was shown in failure to conduct hearing on claims that trial counsel was ineffective in failing to investigate medical records and "AA records" because there was no suggestion that such an investigation would have revealed information that reasonably could have changed the result of the case). Therefore, the trial court did not abuse its discretion by failing to conduct a hearing on this ground. *See Smith,* 286 S.W.3d at 344; *Jordan,* 883 S.W.2d at 665.

*Alleged Refusal to Investigate the Validity of a Prior Conviction used to Enhance Range of Punishment Applied to Appellant*

■ In the fifth ground of his motion for new trial, appellant complained that his trial counsel rendered ineffective assistance by refusing to investigate the validity of one of the prior convictions used to enhance the punishment range, despite appellant's contention that the conviction was on direct appeal at the time of trial or void due to a fundamentally defective indictment. The convictions that were used to enhance the range of punishment were (1) a 1989 felony conviction in Harris County, Texas, for driving while intoxicated and (2) a 1991 felony conviction in Harris County, Texas, for burglary of a building. A claim of ineffective assistance based on trial counsel's failure to investigate cannot succeed absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *See Cooks,* 240 S.W.3d at 912; *Jordan,* 883 S.W.2d at 665. Appellant did not state which of these convictions he claims was void or on direct appeal at the time of trial. Appellant did not assert in what way any indictment was fundamentally defective.

As to the fifth ground stated in his motion for new trial, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome of his trial would have been different. *See Smith,* 286 S.W.3d at 339–44; *Cooks,* 240 S.W.3d at 912; *Jordan,* 883 S.W.2d at 665.

In his declaration, appellant further asserted that he told his trial counsel that "there were problems with some of the [prior convictions]." Appellant also stated that one of his alleged prior convictions was on appeal in the Third Court of Appeals at the time of trial and that his trial counsel refused to investigate whether appellant's "alleged priors" were defective. Thirteen prior convictions of appellant were admitted into evidence in the trial court below. Appellant did not specify which of appellant's thirteen prior convictions he asserts are void or have problems or defects. Appellant did not assert a specific reason why any particular judgment is void or defective. Though he did assert that one of his prior convictions was on appeal in the Third Court of Appeals at the time of trial, he did not specify which conviction he alleges was on appeal. Moreover, appellant did not assert that he was harmed by trial counsel's failure to investigate his prior convictions. As to the assertions in his declaration regarding prior convictions, appellant did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome of his trial would have been different. *See Smith,* 286 S.W.3d at 339–44; *Cooks,* 240 S.W.3d at 912; *Jordan,* 883 S.W.2d at 665.

Appellant relies upon *Ex parte Felton.* *See* 815 S.W.2d 733, 736 (Tex.Crim.App.

1991) (granting habeas relief based on determination that trial counsel's failure to investigate a void prior conviction was ineffective assistance of counsel during the punishment phase). However, *Ex parte Felton* is not on point because it was decided at a time when defendants could obtain relief based on ineffective assistance of counsel during the punishment phase without any showing of prejudice. *See id.* at 735–36 (applying standard from *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App. 1980) (plurality op.), which does not require any showing of prejudice; *see also Hernandez v. State,* 988 S.W.2d 770, 771–73 (Tex.Crim.App.1999) (abrogating standard from *Ex parte Duffy* and holding that standard from *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to punishment phase and requires showing of prejudice). In addition, *Ex parte Felton* is also not on point because, in that case, the prior void conviction was the only conviction available to enhance the range of punishment. *See Ex parte Felton,* 815 S.W.2d at 736. In the instant case, other felony convictions were available to enhance the range of punishment for appellant.

Appellant also relies upon *Ex parte Pool. See* 738 S.W.2d 285 (Tex.Crim.App. 1987). In *Ex parte Pool,* the Court of Criminal Appeals granted habeas relief to an applicant who had pleaded "guilty" based on a plea bargain after his trial counsel advised him that the range of punishment he faced if convicted was 25 years to 99 years or life because the State would be able to enhance the range of punishment based on two prior felony convictions. *See id.* at 286. Trial counsel in that case admitted that he conducted no independent investigation. *See id.* If counsel had investigated, he would have discovered that, because of the timing of these convictions, the higher range of punishment was not available. *See id.* In *Ex parte Felton,*

the applicant asserted that he would not have agreed to plead "guilty" if he had known that the higher range of punishment could not be applied to this offense. *See id.* The State recommended that habeas relief be granted. *See id.* For all of these reasons, *Ex parte Pool* is not on point in the instant case.

Appellant also relies upon *Ex parte Scott. See* 581 S.W.2d 181 (Tex.Crim.App. [Panel Op.] 1979). In *Ex parte Scott,* the Court of Criminal Appeals granted habeas relief to an applicant who, upon the advice of his trial counsel, stipulated to two enhancement paragraphs that resulted in a higher range of punishment. *See id.* at 181–82. However, applicant's trial counsel failed to investigate the prior felony convictions; had he done so, he would have discovered that these felony convictions did not satisfy the requirements needed to trigger the higher range of punishment for habitual felony offenders. *See id.* The applicant's punishment was assessed at life imprisonment, even though under the correct range of punishment, the maximum punishment would have been twelve years' imprisonment. *See id.* However, *Ex parte Scott* was decided before the articulation of the *Strickland* standard for ineffective assistance of counsel, and the applicant in *Ex parte Scott* specifically asserted what he alleged would have been discovered if his counsel had rendered effective assistance and had investigated the prior convictions. *See id.* Therefore, *Ex parte Scott* is not on point.

Appellant also cites *Daniels v. State. See* 63 S.W.3d 67, 70 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). In *Daniels,* while the defendant was on deferred adjudication, the State filed a motion to adjudicate guilt. *See id.* at 68. The defendant pleaded "true," and the trial court adjudicated guilt and imposed a sentence. *See id.* The defendant filed a motion for new

trial, but the trial court did not grant him a hearing on the motion. *See id.* On appeal, this court held that the trial court abused its discretion by denying the defendant a hearing on his motion. *See id.* at 70. However, in *Daniels,* the defendant detailed in his affidavit the alleged ineffective assistance and stated that he would not have pleaded "true" to the motion to adjudicate but for the alleged ineffective assistance. *See id.* at 70–71. The *Daniels* case is not on point because appellant's declaration in the instant case does not specify facts from which the trial court reasonably could conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome of his trial would have been different.

For the foregoing reasons, the trial court did not abuse its discretion by failing to conduct a hearing on appellant's fifth ground. *See Smith,* 286 S.W.3d at 344; *Jordan,* 883 S.W.2d at 665. Accordingly, the fifth and final ground provides no basis for relief.

### CONCLUSION

Having concluded that the trial court did not abuse its discretion by failing to conduct a hearing on the grounds asserted in appellant's motion for new trial, we overrule appellant's first issue, which is the only issue remaining on remand. Accordingly, having overruled all issues raised on appeal, we affirm the trial court's judgment.