

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00306-CR

Arnoldo David **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 08-07-09930-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 6, 2014

AFFIRMED

A jury found Arnoldo Lopez guilty of the murder of Roberto Ramirez. *See* TEX. PENAL

CODE ANN. § 19.02 (West 2011). On appeal, Lopez argues that 1) the trial court erred in failing to

*sua sponte* instruct the jury on lesser included offenses in the guilt/innocence stage, 2) the trial

court erred in denying his request to instruct the jury on sudden passion in the punishment stage,

and 3) he received ineffective assistance of counsel. We affirm.

## BACKGROUND

In June 2008, Lopez and Albert Martinez were with some of their friends drinking beer in a vacant lot in Falfurrias, Texas. Martinez testified he was talking to another person when Ramirez arrived. When Martinez heard Lopez and Ramirez fighting, he turned around and saw Lopez kicking and beating Ramirez, who was on the ground and not fighting back. Martinez stopped the fight by grabbing Lopez and taking him away from the lot.

Ramirez was taken to the hospital where he lived for a month in a coma before dying. A jury convicted Lopez of Ramirez's murder, and Lopez was sentenced to fifty years in prison and fined $10,000. After this court dismissed Lopez's appeal for lack of jurisdiction,[1] the Court of Criminal Appeals granted him an out-of-time appeal.[2] Lopez then filed a motion for new trial, which was denied. He timely filed this appeal.

## LESSER-INCLUDED OFFENSE INSTRUCTIONS

Lopez complains he was egregiously harmed by the trial court's failure to *sua sponte* instruct the jury on the lesser-included offenses of manslaughter, *see* TEX. PENAL CODE ANN. § 19.04 (West 2011), and criminally negligent homicide, *see id.* § 19.05 (West 2011).

"The trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). "But it does not inevitably follow that he has a similar *sua sponte* duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues." *Id.* A lesser-included offense is a defensive issue that is not "the law applicable to the case" unless the defendant requests the issue or objects to its omission from the charge. *See Tolbert v. State*,

---

[1] *Lopez v. State*, No. 04-10-00630-CR, 2010 WL 4243436 (Tex. App.—San Antonio Oct. 27, 2010, no pet.) (per curiam) (mem. op., not designated for publication).

[2] *Ex parte Lopez*, No. AP-76938, 2013 WL 105037 (Tex. Crim. App. Jan. 9, 2013) (per curiam) (not designated for publication).

306 S.W.3d 776, 781 (Tex. Crim. App. 2010) (holding trial court in capital murder trial was not required to *sua sponte* instruct the jury on lesser-included offense of murder). Because Lopez did not request instructions on lesser-included offenses and did not object to the charge on that ground, the trial court had no duty to so charge the jury. *See id.*; *see also Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013) (stating that *Almanza* egregious harm analysis does not apply to defensive issues because they are forfeited if not preserved at trial).

SUDDEN-PASSION INSTRUCTION

Lopez complains that the trial court reversibly erred in the punishment stage by denying his request to instruct the jury on the issue of sudden passion.

If a defendant is convicted of murder, "the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause" at the punishment stage of a trial.[3] TEX. PENAL CODE ANN. § 19.02(d). The Court of Criminal Appeals has held that the record must at least support the following inferences to justify the submission of a sudden-passion instruction:

1. that the defendant in fact acted under the immediate influence of a passion such as terror, anger, rage, or resentment;

2. that his sudden passion was in fact induced by some provocation by the deceased or another acting with him, which provocation would commonly produce such a passion in a person of ordinary temper;

3. that he committed the murder before regaining his capacity for cool reflection; and

4. that a causal connection existed between the provocation, passion, and homicide.

---

[3] If the defendant proves the issue by a preponderance of the evidence, the severity of the offense is reduced from a first-degree felony to a second-degree felony. TEX. PENAL CODE ANN. § 19.02(d).

*Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013) (internal citations and quotation marks omitted).

"[A] sudden passion charge should be given if there is some evidence to support it, even if that evidence is weak, impeached, contradicted, or unbelievable." *Trevino v. State*, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003). "However, the evidence cannot be so weak, contested, or incredible that it could not support such a finding by a rational jury." *McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005). "If the evidence thus raises the issue from any source, during either phase of trial, then the defendant has satisfied his burden of production, and the trial court must submit the issue in the jury charge—at least if the defendant requests it." *Wooten*, 400 S.W.3d at 605.

Lopez argues that the issue of sudden passion was raised at trial by evidence of an ongoing feud between him and Ramirez and by Martinez's written statement to the police, which Lopez contends supports an inference that Ramirez initiated the fight with Lopez. The State argues that this evidence does not support an inference that Ramirez provoked Lopez. We agree.

Martinez's statement recited that Ramirez pulled his car into the lot and parked, and that "[a]s soon as [Ramirez] got off the car, him and [Lopez] started to argue about something." Martinez's statement does not support an inference that some act of Ramirez precipitated the fight with Lopez, much less that Ramirez did some act that would commonly produce a sudden passion in a person of ordinary temper. *See Wooten*, 400 S.W.3d at 605. The mere fact that Ramirez drove into the vacant lot is insufficient to support a sudden-passion instruction. Finally, although there was evidence of a previous conflict between Lopez and Ramirez, Lopez admitted that the last time he had a problem with Ramirez was three or four years before the murder. This evidence does not support the submission of a sudden-passion instruction because a "sudden passion" cannot be

solely the result of a former provocation. *See* TEX. PENAL CODE ANN. § 19.02(a)(2); *McKinney*, 179 S.W.3d at 570.

Lopez has not directed us, nor have we found, any other evidence in the record that might support an inference that Ramirez provoked Lopez into a sudden passion. Without such evidence, the trial court correctly denied Lopez's requested instruction.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Lopez contends his trial counsel rendered ineffective assistance in violation of the Sixth Amendment because he 1) failed to adequately investigate Ramirez's medical records and 2) relinquished his role as a defender of his client during closing argument. To prevail on his claim, Lopez must show by a preponderance of the evidence 1) that his trial counsel's performance was deficient and 2) that his counsel's deficient performance prejudiced Lopez's defense. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

### A. Counsel's Investigation

Lopez contends his trial counsel was ineffective because he did not fully investigate Ramirez's medical records or consult an expert about their contents. Lopez contends that the evidence raised questions about whether Ramirez's death may have been caused in whole or in part by improper medical treatment or pre-existing medical conditions. Lopez contends that his attorney should have conducted a full investigation of Ramirez's medical history and records. Lopez argues that this was not a "strategic" decision, but an economic one and that "[t]here is no suggestion that trial counsel declined to fully investigate Ramirez's medical records because he made a strategic decision that such an investigation was unnecessary or likely to be fruitless or counterproductive." Lopez's argument misunderstands his burden on this claim.

Lopez has the burden to show that his counsel did not make a strategic or reasoned choice regarding whether to retain a medical expert, whether and how to investigate Ramirez's medical history, and whom to subpoena. There is no evidence about counsel's reasons for not retaining a medical expert to review Ramirez's records or to testify about them at trial. And there is no evidence of counsel's reasons for not subpoenaing Ramirez's doctors and their records. Our review of his counsel's performance is "highly deferential," and we presume that his actions fell within the wide range of reasonable and professional assistance. *See Bone*, 77 S.W.3d at 833. Based on this record, we cannot say that Lopez's counsel did not have strategic or otherwise justifiable reasons for his decisions.

In addition, a claim of ineffective assistance based on trial counsel's general failure to investigate the facts of the case fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Lopez has not shown how his counsel's consultation with a medical expert concerning Ramirez's records prior to trial would have impacted the outcome of his trial.

### B. Counsel's Closing Arguments

Lopez also contends trial counsel was ineffective because he essentially conceded in his closing argument at the guilt/innocence stage that the State had met its burden of proof.

Although Lopez's characterization of his counsel's argument is accurate to a point, it does not tell the whole story. His counsel also told the jury that "[t]he real fight is coming later and there are two sides to the story." In the punishment phase of the trial, his counsel put on evidence that Ramirez had threatened Lopez's family with a gun and a machete in the past. He argued that Lopez was frightened of Ramirez and that he did not kill Ramirez in cold blood. He pleaded for the jury

to be proportionate and not to listen to the State's call for law enforcement, which he dismissed as a "call for vengeance."

The record suggests that counsel may have made a strategic decision not to contest Lopez's guilt in order to maintain his credibility with the jury so that he could more persuasively argue for leniency in sentencing. Counsel argued to the jury at the close of the guilt/innocence stage that he was not going "to cry crocodile tears or in any way try to convince you that this thing did not happen or that my client was not involved" and that he did not wish to "insult" the jury. *See Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (reasoning that it may be sound trial strategy to not request a jury instruction on a defensive issue when the evidence raising the defense is so unworthy of belief that the defendant and his counsel risk losing their credibility with the jury). In the face of eyewitness testimony that Lopez beat Ramirez so severely that he fell into a coma and ultimately died, we cannot say that such a strategy would be objectively unreasonable under prevailing professional standards. We conclude that Lopez failed to meet his burden to show that counsel's performance was deficient.

### CONCLUSION

We affirm the judgment of the trial court.

Luz Elena D. Chapa, Justice

Do Not Publish