

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00033-CR

Miguel Angel **MONTEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR8548
Honorable Jennifer Pena, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: September 29, 2021

AFFIRMED

Miguel Angel Montez was convicted by a jury of aggravated sexual assault of a child, and the trial court assessed punishment at sixty-five years in prison. Montez appeals, arguing his counsel rendered constitutionally ineffective assistance and the trial court committed reversible error in charging the jury. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

In 2016, nine-year old E.C. told her grandmother that Montez had touched her inappropriately the previous year when E.C. and her mother were living with him. Montez was

subsequently indicted and charged with one count of continuous sexual abuse of a young child and three counts of aggravated sexual assault of a child. The case was tried to a jury in 2019. The State presented the testimony of E.C., her mother, and grandmother. In addition, the investigating detective testified, and the jury saw videos of the detective's interview of Montez and the forensic interview of E.C. Finally, the State presented testimony of a child abuse expert. Montez rested without presenting any evidence in his case in chief. The State waived one of the counts of aggravated sexual assault. The jury was charged on continuous sexual assault of a young child and two lesser-included counts of aggravated sexual assault of a child. The jury found Montez guilty of one of the lesser-included counts.

In the punishment phase, which was tried to the court, the State reintroduced the evidence from the guilt phase. It also called E.C. to testify about another incident of misconduct by Montez and called Montez's daughter to testify regarding an incident during which he slapped her. In addition to eliciting beneficial testimony from his daughter in cross-examination, Montez presented the testimony of one of his former supervisors and that of Montez's parents. Montez also introduced a notebook containing nine character reference letters from professional colleagues and family members, a summary of his personal, military, and educational accomplishments, and some school and military records. After both sides rested, the trial court imposed a sentence of sixty-five years in prison. No motion for new trial was filed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Montez contends his trial counsel rendered constitutionally ineffective assistance by: failing to conduct an adequate investigation of mitigation factors, hire a mitigation specialist or expert, or introduce sufficient mitigation evidence; failing to object to E.C.'s

extraneous offense testimony in the punishment phase of the trial; and failing to present any evidence in his case in chief during the guilt/innocence phase of the trial.

To establish ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of defense counsel's representation is "highly deferential" and we presume "counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011).

A defendant claiming ineffective assistance of counsel must also establish prejudice by showing "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700.

Mitigation evidence

Montez contends he was prejudiced by trial counsel's failure to sufficiently investigate and introduce mitigating evidence in the punishment phase. In particular, he faults counsel for failing to use a mitigation expert. However, there is no evidence in the record before us regarding the investigation counsel undertook. There is no evidence of whether counsel consulted a mitigation expert or of why counsel chose not to use such an expert at trial. As Montez recognizes in his brief, "the record is silent as to the use of any mitigation specialists." Further, the record is completely silent as to what specific mitigating evidence counsel should have discovered and presented. As Montez again recognizes in his brief, "[w]ithout knowledge of the specific mitigating evidence, it is pure speculation as to any extent such evidence might serve to explain the defendant's actions in this case" or the "extent such evidence might have assisted the judge in determining the defendant's blameworthiness."

A silent record will not support a claim of ineffective assistance in this case. Without evidence of the investigation counsel undertook, if any, Montez is unable to establish that counsel's performance was deficient. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (holding appellate court cannot "assume that because a record is silent as to the depth of an attorney's investigation . . . , he made no such investigation"). Furthermore, a claim of ineffective assistance based on trial counsel's failure to sufficiently investigate cannot succeed "absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case." *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Because the record fails to show what mitigating evidence Montez contends should have been discovered and that the evidence was available, he has failed to show that any available mitigating evidence, when weighed against the State's aggravating evidence, would undermine our confidence in the outcome. *See Ex parte Martinez*, 195 S.W.3d 713, 730-31 (Tex. Crim. App.

2006); *see also Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) ("[S]ince appellant does not explain what mitigating evidence his trial counsel should have proffered, we cannot possibly find that a failure to proffer such evidence constituted ineffective assistance."); *Martinez v. State*, 449 S.W.3d 193, 209–10 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (overruling ineffective assistance claim based on failure to present mitigating evidence at punishment because the appellant "presented no specific indication of the evidence that he claims should have been introduced by his trial counsel, nor is there any indication that such evidence actually exists").

Failure to object

During the punishment phase, the State called E.C, who testified that on one occasion Montez urinated on her after she had taken a shower. Montez asserts counsel rendered ineffective assistance by failing to object to the testimony.

"When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible." *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). He must show the trial court would have committed error in overruling the objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Montez suggests the evidence was not relevant and generally states it was inflammatory, but he does not specify what objection should have been made or argue the trial court would have abused its discretion in overruling a specific objection. Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure expressly allows the state to offer evidence "as to any matter the court deems relevant to sentencing," including "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant," "notwithstanding Rules 404 and 405, Texas Rules of Evidence." TEX. CODE CRIM. PROC. art. 37.07, sec. 3(a)(1). Although relevant extraneous conduct evidence may be excluded during

punishment if, for example, its probative value is *substantially* outweighed by its prejudicial effect, Montez has not argued the trial court would have abused its discretion in overruling such an objection. Moreover, because the record is silent as to why counsel failed to object, we presume his conduct was reasonable. *Bone*, 77 S.W.3d at 833. Montez has thus failed to establish ineffective assistance.

Failure to present any evidence in case in chief

Finally, Montez generally asserts counsel was ineffective when he rested after the State rested its case, complaining that counsel "did not put on one shred of testimony." As with his claim about mitigation evidence, Montez has not produced a record that discloses what beneficial evidence was available for counsel to present or the reasons counsel rested without calling any witnesses. Accordingly, the record does not support the claim of ineffective assistance. *See Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (holding courts "may not find deficient performance from a silent record if there is any reasonable strategy that might support counsel's decision); *Bone*, 77 S.W.3d at 834-35 (holding counsel could not be found ineffective when record on direct appeal did not show witnesses or evidence were available).

We therefore overrule Montez's first point of error.

**CHARGE ERROR**

Montez's second point of error asserts his "Constitutional Rights were violated when the Trial Court against the objection of both the State and Defense Counsel submitted an improper jury charge."

The jury was charged on one count of continuous sexual abuse of a young child (count 1) and two counts of aggravated sexual assault of a child (counts 2 and 3). The charge instructed that if the jury did not find Montez guilty of count 1, it was to proceed to consider count 2 and, if necessary, count 3. The charge on counts 2 and 3 submitted the lesser-included offenses of

aggravated sexual assault of a child, based on the same acts that served as the predicate for count 1 and that occurred during the same time period as count 1. The jury was instructed not to consider counts 2 or 3 if it found Montez guilty of count 1. The charge allowed the jury to find Montez guilty of only one of the lesser included offenses.

During the charge conference, the State objected to the charge, asserting the jury should be allowed to find Montez guilty of both of the lesser-included offenses. Defense counsel then stated:

> I'm going to join her in the objection, Your Honor. I know it seems counterproductive to our position, but my fear is this: If the jury skips over Count 1 and starts to consider Count 2 and Count 3 and realizes that they can't find him guilty on both counts, then they'll revert back to Count 1 because that's not what they want out of this process.

> I'm not familiar with the law, but it just doesn't sound correct that both indicted lesser counts cannot be considered separately.

The point of error suggests Montez is asserting the charge was improper for the reason he and the State asserted at trial: that it did not allow the jury to convict Montez of both lesser-included offenses. However, Montez's concern—that the jury, realizing this, might go back and reconsider count 1 after having rejected it—did not come to pass. Moreover, Montez does not argue in his brief that the jury should have been allowed to convict him of both lesser-included offenses and he does not explain how this aspect of the charge conceivably harmed him.[1]

In the argument part of his brief, Montez asserts his "Constitutional Rights were violated by the jury charge presented to the jury." The brief then contains six pages discussing general

---

[1] The only other objection to the charge Montez lodged in the trial court was:

> I just wanted more clarity on the word unanimously and that it specifically addressed the activities in Count 2 and Count 3 and that a jury can make no mistake on what to consider in Count 2 and Count 3, that it must be the exact same incident that all of the jurors are finding the Defendant guilty for should they choose to do that.

The application paragraphs for counts 2 and 3 each expressly required the jury to find unanimously each of the elements of the lesser-included offense. Montez does not argue any error in the instructions regarding unanimity in his brief.

principles of double jeopardy and lesser-included offenses and concludes by stating the jury charge had "confusion and ambiguity" and prays for a reversal. There is no attempt made in the brief to apply the law to the jury charge in this case, there is no statement or explanation of what the alleged error in the charge was, and there is no argument of how any such error harmed Montez.

The acts of aggravated sexual assault of a child charged in counts 2 and 3 were alleged to have occurred during the same time period as that covered by the continuous sexual abuse of a child in count 1. The trial court therefore properly precluded the jury from considering counts 2 and 3 if it found Montez guilty of count 1 and properly submitted counts 2 and 3 as lesser included offenses. *See* TEX. PENAL CODE § 21.02(e); *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014). We express no opinion as to whether it was error to preclude the jury from finding Montez guilty of both the lesser-included offenses because the error, if any, was clearly harmless to Montez.

## CONCLUSION

For the foregoing reasons, we conclude Montez has failed to show any reversible error. We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH