**Affirmed and Memorandum Opinion filed November 22, 2022.**



In The

# Fourteenth Court of Appeals

---

NO. 14-21-00166-CR
NO. 14-21-00167-CR

---

**DEXTER TRAVON CARPENTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1592887, 1592908**

---

## M E M O R A N D U M   O P I N I O N

Appellant Dexter Travon Carpenter appeals his convictions for the felony offenses of credit card abuse and aggravated robbery of an elderly individual on the grounds that his counsel was ineffective. In a single issue, he contends that his constitutional right to the effective assistance of counsel was violated because his counsel failed to adequately investigate the facts and evidence of each case and failed to present key witnesses who "would have shed light as to the Appellant's character

evidence." Because the record does not support appellant's ineffective assistance claim, we overrule his sole appellate issue.

We affirm the trial court's judgments.

## Background

Appellant pleaded guilty to the felony offenses of credit card abuse and aggravated robbery of an elderly individual without an agreed recommendation on sentencing. After a presentence investigation was completed, the trial court deferred findings of guilt and placed appellant on deferred adjudication community supervision for ten years in both cases.

As conditions of his community supervision, the trial court ordered that appellant "[c]ommit no offense against the laws of this or any other State or of the United States"; "[n]ot use, possess, or consume any illegal drug or prescription not prescribed to [Appellant] by a medical professional"; and "[a]bide by the rules and regulations of the Harris County Community Supervision and Corrections Department (hereinafter referred to as HCCSCD)." The trial court also ordered that appellant successfully complete residential treatment at the HCCSCD facility Young Men About Change ("YMAC").

The State moved to adjudicate appellant's guilt in each case, alleging that he violated the conditions of his community supervision by: (1) committing assault; (2) possessing illegal drugs or drugs not prescribed to him; and (3) violating the rules and regulations of the YMAC program. At the hearing on the adjudication proceedings, the State presented the testimony of two witnesses, Isaiah Jones, appellant's YMAC probation officer, and Dionne Sims, a direct care monitor at the YMAC facility, who testified to the following.

2

Shortly after appellant arrived at the YMAC residential facility, Jones explained YMAC's rules, procedures, and expectations to appellant, as well as the consequences for violating any of YMAC's regulations. Jones gave appellant a handbook detailing YMAC's regulations, and appellant signed a document indicating that he understood the facility's rules. Among YMAC's various rules and regulations, all residents must take prescribed medication in front of nurses in the medical section of the facility. YMAC forbids residents from "cheeking"—stashing medication in their mouths to take later or for other purposes—and also prohibits residents from keeping medication on their person or in their dormitory bunks.

While appellant was in the custody of YMAC, Sims conducted patrols through the dormitory as part of his job "to make sure that [YMAC]'s clients are adhering to the policies and procedures of the campus." During one of his patrols, Sims saw appellant spit pills into his hand, count them out, stuff them into one of his shoes, and tuck the shoes under his dormitory bunk before leaving the dorm to attend a required class. When appellant was gone, Sims retrieved appellant's shoes, searched them, and found prescription pills—later identified as eight Atarax pills and one Trazodone pill—under the insole of appellant's right shoe. These pills appeared "wet," "stuck together," and "semi-dissolving." Sims collected the pills and notified his supervisor. Neither appellant nor anyone else in his dormitory was prescribed both of these medications at the same time.

Appellant's trial counsel called two witnesses, Robert Moran, who was at YMAC while appellant was there, and John McCoy, who was incarcerated in the Harris County Jail in June 2020 when appellant allegedly assaulted another inmate. Moran testified that he put at least four of his pills in appellant's shoes on the date that Sims found the prescription medications there. Moran stated that he takes five kinds of prescription medications, although he conceded he is not prescribed Atarax

3

or Trazodone and does not take either of these medications. McCoy testified that, while he was incarcerated with appellant, McCoy and two other inmates got into an altercation while appellant was present. According to McCoy, although appellant was charged with assault for his involvement in this incident, appellant only tried to intervene and break up the fight and did not join in the assault.

After the hearing, the trial court found appellant guilty of both offenses and sentenced him to ten years' confinement for the credit card abuse case and twenty-five years' confinement for the aggravated robbery case, with the sentences to run concurrently. Appellant filed a motion for new trial in each case, both of which were overruled by operation of law without a hearing.

Appellant timely appealed.

## Standard of Review

We examine claims of ineffective assistance of counsel under the familiar two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robison v. State*, 461 S.W.3d 194, 202 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Under *Strickland*, the defendant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. But a deficient performance will deprive the defendant of a fair trial only if it prejudices the defense. *Id.* at 691-92. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697.

Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Donald v. State*, 543 S.W.3d 466, 477 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (op. on reh'g). If counsel's reasons for his or her conduct do not appear in the record and there exists at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *See Garza*, 213 S.W.3d at 348. If counsel has not had an opportunity to explain the challenged actions, we may not find deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the majority of cases, the record on direct appeal is simply undeveloped and insufficient to permit a reviewing court to fairly evaluate the merits of an ineffective assistance of counsel claim. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Robison*, 461 S.W.3d at 203.

**Analysis**

Appellant urges that his counsel was ineffective in three ways: (1) his trial counsel failed to adequately investigate and prepare for appellant's adjudication proceedings because appellant informed his counsel that there was "evidence at the facility of which [sic] he was housed that would have proven the allegations to be untrue" but his counsel "did not retrieve such evidence"; (2) his counsel failed to call witnesses to testify in the adjudication proceedings even though appellant informed his counsel about these witnesses; and (3) his counsel failed to call character witnesses on his behalf.

Failure to conduct an adequate investigation may constitute ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003). As the Supreme Court said in *Strickland*, "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. A claim for ineffective assistance based on trial counsel's failure to investigate generally fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007)).

Appellant's first contention that his trial counsel was deficient for failing to conduct an adequate investigation and secure evidence fails because the record is entirely silent as to whether counsel failed to investigate and the evidence that likely would have been obtained from any investigation counsel should have but failed to perform. For example, nothing in the record reveals whether his trial counsel attempted to obtain the evidence appellant says would have proven the allegations untrue. Nor has appellant described the nature of the allegedly exculpatory evidence in either his motion for new trial or his appellate brief. When, as here, the record is silent regarding the purported inadequacy of defense counsel's investigation efforts, we may not assume that counsel failed to conduct a reasonable investigation.[1] *See, e.g.*, *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Guillory v. State*, 652 S.W.3d 499, 505-06 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.) (per curiam) (abatement order on reh'g) ("When the record is silent as to counsel's trial strategy, we may not speculate about why counsel acted as he did."); *Brown v.*

---

[1] Moreover, appellant's trial counsel presented two witnesses, Moran and McCoy, whose testimony, if believed, would have cast doubt on the allegations against appellant.

6

*State*, 129 S.W.3d 762, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (explaining that, in the absence of any affirmative evidence that appellant's counsel failed to investigate, appellate court may not assume trial counsel made no investigation).

As to appellant's complaints about his trial counsel's failure to call witnesses on his behalf, such a claim "cannot succeed absent a showing that the witness was available to testify and that the witness's testimony would have benefitted the defense." *Stokes v. State*, 208 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007)). Although appellant filed a motion for new trial, he failed to identify any beneficial witnesses that were available to testify. *See id.* His bare assertions on appeal that he provided his trial counsel "with various names that would serve as witnesses to the allegations brought while Appellant was a residence [sic] in the YMAC program" and "various names of witnesses that would be supportive with respect to his character" are conclusory and insufficient to establish ineffective assistance by a preponderance of the evidence. *See id.* at 432.

Under these circumstances, appellant simply has not shown that his trial counsel was effective. We overrule appellant's appellate issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgments.

/s/     Kevin Jewell
           Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).