**Affirmed and Memorandum Opinion filed May 9, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00516-CR

**KALON CHANDLER LONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 271st District Court
Wise County, Texas
Trial Court Cause No. CR21091**

## MEMORANDUM OPINION

In this case transferred from the Second Court of Appeals,[1] a jury found appellant guilty of felony driving while intoxicated. The trial court assessed punishment at seven years' confinement. In a single issue, appellant contends that the trial court erred by failing to hold an evidentiary hearing on his motion for new trial. Because appellant filed no affidavit with his motion, we affirm.

---

[1] *See* Tex. R. App. P. 41.3.

Appellant filed a motion for new trial alleging ineffective assistance of counsel for failing to assert appellant's right to a speedy trial and failing to call two potential witnesses—an expert in blood alcohol concentration (BAC) to testify about the consumption necessary to reach a BAC of .254, and appellant's father-in-law to testify that he did not believe appellant was intoxicated. Appellant did not file any affidavits with the motion.

Although a defendant need not plead a prima facie case in a motion for new trial to be entitled to a hearing, the motion "must be supported by an affidavit specifically setting out the factual basis for the claim." *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009); *see also Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) ("Thus we require, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, that the motion be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for the claim."); *Dotson v. State*, 146 S.W.3d 285, 301 (Tex. App.—Fort Worth 2004, pet. ref'd) ("As a prerequisite to obtaining a hearing, the motion must be supported by an affidavit that specifically demonstrates the truth of the grounds for attack.").

To demonstrate ineffective assistance of counsel based on a failure to call witnesses, the defendant must show that the witnesses had been available to testify and that the testimony would have been beneficial. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007). Because appellant did not submit an affidavit showing that the uncalled witnesses would have been available to testify, appellant was not entitled to a hearing on this ground in his motion. *See Stokes v. State*, 298 S.W.3d 428, 431–32 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (defendant not entitled to hearing on motion for new trial when he did not assert in his declaration that an uncalled witness was available to testify).

Appellant contends that he was not required to submit an affidavit regarding his claim of ineffectiveness for counsel's failure to assert the right to a speedy trial because the claim was "based on matters already in the record." In particular, appellant notes that one of the factors considered by courts in assessing a speedy trial motion was apparent from the record—the length of delay—and another factor was the State's burden to show—the reason for the delay. *See Shaw v. State*, 117 S.W.3d 883, 889 n.3 (Tex. Crim. App. 2003) ("The State has the burden of justifying the delay.").

Yet, appellant made no attempt to explain in his motion how or why he was prejudiced by the delay—an important factor to consider when assessing the right to a speedy trial. *See id.* at 890–91 (reasoning that the defendant's right to a speedy trial was not violated when he failed to demonstrate any prejudice from the delay; collecting similar cases). *See generally State v. Munoz*, 991 S.W.2d 818, 826–28 (Tex. Crim. App. 1999) (noting that although none of the factors are necessarily more important than the others, the "most serious" consideration regarding prejudice is the impairment to the defense; noting other prejudice considerations of preventing oppressive pretrial incarceration and the anxiety or concern of the accused). Before appellant would be entitled to a hearing on his motion for new trial, he was required to "allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different," i.e., he suffered some prejudice. *Smith*, 286 S.W.3d at 340–41. Appellant argued in the motion that an evidentiary hearing was needed "so that Appellant can explain the prejudice that he suffered," but he attached no affidavit to support any factor related to the analysis of prejudice in the context of a speedy trial or ineffective assistance claim.

In sum, the trial court did not err by failing to hold a hearing on appellant's motion for new trial because the motion was not supported by any affidavit. *See Hobbs*, 298 S.W.3d at 199; *Smith*, 286 S.W.3d at 339; *Dotson*, 146 S.W.3d at 301.

Appellant's sole issue is overruled. The trial court's judgment is affirmed.

/s/    Ken Wise
           Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b)